433 So.2d 222 (1983)
STATE of Louisiana
v.
James Allen STATON.
No. 82 KA 0855.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Rehearing Denied June 29, 1983.
*223 Ossie Brown, Dist. Atty. by Brett L. Grayson, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Lewis O. Unglesby, Baton Rouge, for defendant-appellant.
Before PONDER, SAVOIE and CRAIN, JJ.
CRAIN, Judge.
Defendant, James Staton, was charged by bill of information on May 12, 1981, with two counts of the violation of R.S. 40:967(A). Count one charged possession with intent to distribute marijuana. Count two charged possession with intent to distribute cocaine. At arraignment defendant pled not guilty, and a trial date was set. At trial both defendant and his counsel waived the right to a jury trial. After the presentation of the state's case in chief, defendant moved for a directed verdict of acquittal, which was denied. The defense then rested, and the trial judge convicted defendant as charged on both counts.
The record indicates that on the basis of information furnished by an informant, the state obtained a search warrant for a trailer located at 3838 Thomas Road, Lot # 81. When the warrant was executed, the officers *224 located approximately thirty-four (34) pounds of marijuana, and approximately ¾ ounce (21 grams) of cocaine. The defendant was arrested and the contraband was seized.
Assignment of Error No. 1
As assignment of error number one, defendant alleges that the trial court erred in admitting the testimony of Captain Michael Barnett as an expert regarding the commercial aspects of drug transactions, and further erred in subsequently granting such testimony any probative value relative to "intent to distribute". Defendant asserts that the testimony was not specific, not related to any facts established by the state including the purity, quality or quantity of the suspected contraband, and not directed to any geographic area.
The competency of an expert witness is a question of fact within the sound discretion of the trial judge and his ruling on the qualification will not be disturbed unless clearly wrong. State v. Michel, 422 So.2d 1115 (La.1982). Captain Barnett's credentials included fourteen years with the East Baton Rouge Parish Sheriff's Department attached to the narcotics division. He headed that division for the last twelve years. He attended numerous schools concerning the identification and use of narcotics, and he was involved directly or indirectly, through undercover agents or informants, in thousands of drug sales, including specifically sales of marijuana and cocaine. Captain Barnett had been qualified as an expert in other drug trials in East Baton Rouge Parish. He was clearly qualified to testify as an expert on specific issues related to his special knowledge and expertise within the general area of narcotics. His testimony on commercial transactions related to a specific area appropriate for expert opinion. See State v. Carter, 347 So.2d 236 (La.1977). The trial court did not abuse its discretion in accepting Captain Barnett as an expert within this field, and did not abuse its discretion in giving the testimony some probative value relative to defendant's intent to distribute.
Assignment of Error No. 2
As assignment of error number two, defendant urges that the trial court erred in finding the physical evidence introduced by the state was contraband, and further erred in denying defendant's motion for a directed verdict of acquittal based upon that ground. Defendant argues that, since there was no testimony linking the scientific analysis report, which established that the items which were examined were contraband, to the items seized, which were admitted into evidence, the state failed to establish that defendant possessed any substance categorized as a controlled dangerous substance.
La.R.S. 15:500 allows the analysis report to be received in evidence as prima facie proof of its contents and of proper custody. Since it was received in evidence without objection, it is prima facie proof that the contraband was in fact marijuana and cocaine.
The evidence bore a state police crime laboratory number which corresponds to the number on the crime analysis report. The trial judge had both specimens before him and could easily verify this fact. We find there was sufficient evidence presented that the items seized were contraband.
Assignment of Error No. 3
As assignment of error number three, defendant urges that the trial court erred in finding a sufficient quantity or sufficient corroborating evidence to establish the requisite "intent to distribute" cocaine.
Intent is a state of mind and need not be proven as a fact, but may be inferred from the circumstances. State v. McDermitt, 406 So.2d 195 (La.1981). The circumstantial evidence considered includes the quantity of the illegal drug and the circumstances of its possession, State v. Elzie, 343 So.2d 712 (La.1977). Testimony as to the street value and dosage units of the narcotic is also relevant to the issue of intent. State v. Tornabene, 337 So.2d 214 (La.1976).
In this prosecution, approximately ¾ ounce of cocaine was seized. Expert testimony established that the customary unit *225 for sales of cocaine is by the gram. The amount seized is approximately twenty-one (21) units. The value of this amount of cocaine was established to be approximately $2500.00. We find that sufficient evidence was presented to support the findings of the trial court that these amounts are not consistent with personal use.
Further, the amount of cocaine possessed by defendant, augmented by the very large quantity of marijuana he also possessed tended to prove his intent to distribute materials designated as controlled dangerous substances, including cocaine. See State v. Thorson, 302 So.2d 578 (La. 1974).
For the reasons assigned, defendant's conviction on both counts is affirmed.
AFFIRMED.