452 So.2d 227 (1984)
STATE of Louisiana
v.
Hampton GALLOW.
No. 83 KA 1264.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Writ Denied September 20, 1984.
*230 Ossie B. Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen S. Richey, Asst. Public Defender, Baton Rouge, William J. Guste, Jr., Atty. Gen., New Orleans, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Defendant, Hampton Gallow, was charged with possession of Pentazocine on August 11, 1982, in violation of La.R.S. 40:967(C). Defendant pled not guilty, and after a bench trial was found guilty as charged. He was sentenced to three years in the East Baton Rouge Parish Prison, with credit for time served on the charge. The sentence was to run concurrent with an eighteen-month sentence defendant was serving at the time. Defendant appeals his conviction and sentence, alleging eight assignments of error. Two assignments of error were not briefed, and therefore, are considered abandoned. Rule 2-12.4, Uniform Rules-Courts of Appeal, State of Louisiana; State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1141 (La.1983). The remaining assignments of error are as follows:
1. The trial court erred when it overruled defense objection that the prosecutor's question was irrelevant.
2. The trial court erred when it denied defense motion to suppress.
3. The trial court erred when it overruled defense objection to the introduction of testimony.
4. The trial court erred when it overruled defense objection to the introduction of evidence.
5. The trial court erred when it denied defense motion for directed verdict of acquittal.
6. The trial court erred when it rendered a verdict contrary to law and/or evidence.

FACTS
On August 11, 1982, at approximately 11:00 p.m., two police officers were patrolling Scenic Highway in Baton Rouge. As they passed a lighted car wash, they observed an occupied car in one of the stalls. No one was washing the car nor was there any water around to indicate the car had just been washed. The officers doubled back and, as they pulled into the area, the car began to pull out. The police unit stopped the car. At that point, the driver and one passenger hurriedly left their car and walked to the police unit. One police officer checked the vehicle and saw defendant sitting in the back seat holding a quart of beer and a cup of water. On the front seat, he saw an orange tablet that he recognized as Pentazocine (Talwin) and a bottle cap containing a crushed blue pill. The officer made defendant leave the car, and the three men were arrested and given Miranda warnings. Marijuana was found in defendant's pocket. In addition, a revolver and two hypodermic syringes were found under the front seat of the car. A paper towel containing blood was found in the back seat of the car. Lab tests confirmed the tablet seized was Pentazocine. All three men were charged with possession of Pentazocine, tried and found guilty.

ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that the trial court erred when it overruled his objection to an irrelevant question. At the motion to suppress hearing, on direct examination of one of the arresting officers, the prosecutor asked, "Did you find any indication that the subjects had already injected contraband?" Defense counsel objected and argues that this question was irrelevant to the issue of whether a legal stop occurred.
The issue to be decided at the motion to suppress hearing was whether certain items which were seized could be admitted into evidence at trial. To decide this issue, the trial judge had to determine if the initial stop was legal and whether the subsequent search of the car and seizure of items was valid.
*231 The evidence must be relevant to a material issue to be admissible. La.R.S. 15:435. Facts necessary to explain a relevant fact, or which support an inference raised by such fact, are admissible. La. R.S. 15:441. The trial court has great discretion in determining the relevancy of evidence, and its determination will not be overturned absent a clear abuse of discretion. State v. Easley, 432 So.2d 910 (La. App. 1st Cir.1983).
There were several items of evidence, including a paper towel and hypodermic syringes, that the state wanted to admit into evidence. The prosecutor indicated his question was about items which were seized. The question was relevant to determine which items were seized and to lay a foundation for admitting those items.
Even if the question and subsequent answer were irrelevant, defendant's conviction will not be reversed without a showing that substantial rights of defendant were affected. See La.C.Cr.P. art. 921. A judge by virtue of his training in the law is able to disregard irrelevant matters which are possibly prejudicial. State v. Bowman, 434 So.2d 1175 (La.App. 1st Cir.1983).
Defendant does not argue, nor do we find, that substantial rights of the defendant were affected by the questioning. It is difficult to see how they could be when the question was asked via a hearing on a motion to suppress and there is no indication the answer affected the admission of the evidence. We find defendant was not prejudiced and this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 2

THE STOP
Defendant contends the trial court erred in its denial of the motion to suppress. Defendant contends that the officers did not have the legal right to make the original stop, and consequently any seizure made as a result of a search thereafter must be suppressed. Resolution of this question depends upon the officers' right to make the initial investigatory stop.
The Louisiana Constitution of 1974, article I, section 5 provides in pertinent part: "Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy." However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La.C.Cr.P. art. 215.1 as well as both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983); State v. Chopin, 372 So.2d 1222 (La.1979). Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Andrishok, 434 So.2d at 391.
The officers were patrolling in a high crime area and saw a car parked in a lighted car wash near a coin box. Since there was no water on the ground, it did not appear that the car had been washed nor did it appear that any attempt was being made to wash the car. One occupant was leaning down, and all the occupants seemed preoccupied with activity in the car. The officers were aware that thefts had occurred from the coin boxes at that car wash particularly from the end stall. They proceeded past the car wash for a block or so, then turned around and came back to the lot where the car wash was located and approached the car in the car wash from the rear. The vehicle still had not left nor had the occupants begun washing the car. When the officers approached, the car pulled out, spinning but not squealing its *232 wheels. The stop was then made. Under these facts there clearly was reasonable cause for the investigatory stop.

THE SEARCH
When the vehicle stopped, two men, the co-defendants, jumped out and hurriedly walked to the rear of the car. The officers met them and made them put their hands on top of the police car. One officer went up to the vehicle and observed defendant seated in the back seat of the car holding a beer and a cup of water. On the front seat he saw a tablet, which he believed to be Talwin. Subsequent lab reports confirmed this belief. He also saw a bottle cap containing a crushed blue pill. At that point defendant and the co-defendants were arrested and advised of their rights.
The officer's actions in checking the car were also proper. Although it is not clear from the record that he knew another person was in the car, it certainly was prudent for the officer to check.
Investigative stops involving suspects in vehicles are fraught with danger to police officers as suspects may injure police officers and others by virtue of their access to weapons although they may not themselves be armed. Michigan v. Long, ___ U.S. ___, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); State v. Leagea, 442 So.2d 699 (La. App. 1st Cir.1983). In Michigan v. Long the court stated:
Our past cases indicate then that protection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger, that roadside encounters between police and suspects are especially hazardous, and that danger may arise from the possible presence of weapons in the area surrounding a suspect. 103 S.Ct. at 3480.
Although the court acknowledged that its decision did not mean that police may conduct automobile searches whenever they make an investigative stop, it concluded the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible. The police officer, however, must possess a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons. The issue is whether a reasonable and prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. Just as a Terry suspect on the street may, despite being under the brief control of a police officer, reach into his clothing and retrieve a weapon, so might a suspect at the rear of the car break away from police control and retrieve a weapon from his automobile.
In this case, the officer was justified in approaching and looking into the vehicle. The officers noticed more than one person in the car. They saw the occupants leaning down and when the car was stopped, the driver and one other person hurriedly exited the car and approached the officers. It would be reasonable to think that the men were trying to keep the officers from looking in the car and that weapons might be in the vehicle. While conducting a legitimate Terry search of the interior of the automobile the officer discovered contraband in plain view.[1] He was not required to ignore the contraband, which is admissible under the plain view doctrine. Michigan v. Long, 103 S.Ct. at 3480, 3481. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
*233 The extent of the search after the discovery of the contraband on the front seat and the placing of the defendants under arrest has not been questioned. Therefore, the trial court did not err in denying the motion to suppress. The officers made a valid investigatory stop, a valid Terry search of the car, discovered contraband in plain view, made an arrest and conducted a valid search of defendant after arrest.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBERS 3 AND 4
Defendant contends the trial court erred when it overruled his objection to the introduction of marijuana seized from defendant and testimony regarding the marijuana. The trial court ruled the evidence and testimony was relevant to prove defendant's knowledge and intent to possess Pentazocine.
The trial court has great discretion in determining relevancy of evidence, and its determination will not be overturned absent a clear abuse of discretion. State v. Easley, 432 So.2d at 912. Defendant was charged with possession of Pentazocine, a violation of La.R.S. 40:967(C), which requires that the person charged knowingly or intentionally possesses the substance. Although intent is a question of fact, it need not be proven as a fact; it may be inferred from the circumstances of the transaction. State v. Mims, 330 So.2d 905 (La.1976); State v. Staton, 433 So.2d 222 (La.App. 1st Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
Defendant obviously knew he had an illegal substance, marijuana, in his pocket. It is not unreasonable to conclude that knowledge of the marijuana also infers knowledge of an intent to possess Pentazocine. In any event, matters of doubtful relevancy which might prejudice a jury will not necessarily prejudice a trial judge trained to limit the purpose of such matters. State v. Bowman, 434 So.2d at 1178. We do not find the judge was prejudiced by defendant's possession of the marijuana, and even if irrelevant to show knowledge or intent, there is sufficient evidence to convict as we will discuss in the following assignments of error. Additionally, the testimony regarding defendant's possession of marijuana at the scene was admissible as part of the res gestae. La.R.S. 15:447, 448; State v. Edwards, 412 So.2d 1029 (La.1982). Thus, the trial judge did not commit reversible error in admitting the testimony and evidence of the marijuana.

ASSIGNMENT OF ERROR NOS. 5 AND 6
Defendant contends the trial court erred when it denied his motion for a directed verdict of acquittal and found him guilty contrary to law and evidence. Defendant by these assignments essentially argues that there was insufficient evidence to support the conviction.
In a trial by the judge alone, the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction. La.C.Cr.P. art. 778. In reviewing a trial court's ruling on sufficiency of the evidence in a judge trial, the appellate court is limited to a determination of whether a reasonable fact finder must have a reasonable doubt from the evidence presented viewing it in a light most favorable to the state. La.C.Cr.P. art. 821, State v. Captville, 448 So.2d 676 (La.1984); State v. Goiner, 410 So.2d 1085 (La.1982); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
Defendant argues that the evidence is insufficient to prove he had possession over the drug, nor was there proof that he had the intent to possess. Intent, although a question of fact, may be inferred from the circumstances. State v. Staton, 433 So.2d at 224. One of the pills was crushed in a bottle cap. There were syringes which could have been used for *234 injecting the drugs. A blood-stained paper towel, which was further evidence of injection, was discovered in the back seat where defendant sat. Defendant was holding a cup of water which could have been used to liquify the drugs for injection. The fact that he had both beer and water decreases the possibility that the water was for consumption. Intent can be inferred from these facts. The fact that defendant was sitting in the back seat while the drug was actually in the front seat does not negate defendant's intent to possess.
The evidence also supports a finding that defendant possessed the drug. Actual possession need not be proven; constructive possession is sufficient. A person may be in constructive possession of a controlled dangerous substance if it is subject to his dominion and control regardless of whether or not it is in his physical possession. State v. Edwards, 354 So.2d 1322 (La.1978). Here it is obvious that defendant was not merely present in the area where the drug was found. Cf. State v. Walker, 369 So.2d 1345 (La.1979). Although he was in the back seat of another's car, it was clear that defendant knew the drugs were in the car; they were in open view in the middle of the front seat. Furthermore, defendant was found holding a cup of water and was near a bloody paper towelitems presumably to be used when the drugs were injected.
A reasonable fact finder, viewing the evidence in a light most favorable to the state could find sufficient proof of all elements of the offense beyond a reasonable doubt. The trial judge did not err in denying the motion for acquittal. This assignment of error lacks merit.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] We consider the matter as a Terry search only because that is the way the arguments are presented. Actually, the record is unclear as to whether the officer had entered the car even partially before he saw the pill. If the officer had not in any way entered the vehicle when he observed the pill from a place where he had every right to be, the observation was not the result of a search. Consequently, observation of contraband without having conducted a search gave the officer every right to seize the contraband and arrest the violator. State v. Terracina, 309 So.2d 271 (La.1975).