462 So.2d 1295 (1985)
STATE of Louisiana
v.
Ricky NICHOLAS.
No. 84-KA-408.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1985.
*1296 John M. Mamoulides, Dist. Atty., Gerald Alonzo, Dorothy A. Pendergast, Asst. Dist. Attys. Research & Appeals, Twenty-Fourth Judicial Dist., Parish of Jefferson, Gretna, for plaintiff-appellee.
Martha E. Sassone, Twenty-Fourth Judicial Dist., Indigent Defender Bd., Gretna, for defendant-appellant.
Before CHEHARDY, CURRAULT and DUFRESNE, JJ.
CURRAULT, Judge.
On February 5, 1982, the grand jury for the Parish of Jefferson returned a true bill of indictment charging Ricky Nicholas with the first degree murder of Pamela Nelson in violation of LSA-R.S. 14:30. The arraignment, set for March 10, 1982, was continued at the request of the assistant district attorney. A notation in the minute entry for that date reflects that the defendant was in "Jackson Hospital." On or about March 16, 1982, the prosecution motioned for the issuance of a writ of habeas corpus ad prosequendum to secure the defendant's presence at arraignment from the "East Louisiana State Hospital, Jackson, Louisiana". On April 7, 1982, Nicholas appeared before Judge Alvin Rudy Eason for arraignment and through counsel entered a combined plea of not guilty and not guilty by reason of insanity. The trial was continued on June 21, 1982 at the request of the prosecution. The notation on the minute entry states that the matter was continued without date "until the defendant is competent to stand trial." On September 7, 1982, Judge Lionel Collins, having been informed by the superintendent of the Feliciana Forensic Facility that Nicholas was presently able to stand trial, ordered the defendant returned to Jefferson Parish for re-examination by a sanity commission composed of Doctors Richard Richoux and Genevieve Arneson. On September 23, 1982, a contradictory hearing was conducted before Judge Lionel Collins to determine Nicholas's capacity to stand trial. Following the hearing, Judge Lionel Collins found the defendant "mentally able to proceed and ... able to assist counsel under the circumstances of this case."
Two additional sanity hearings were conducted, one at the request of the prosecution and one on motion by the defense. On both April 14, 1983 and June 9, 1983, Judge Eason found Nicholas competent to proceed to trial. Shortly thereafter the defendant's appointed counsel became ill and asked to be removed from the case. The motion was granted and new counsel was provided. The trial, scheduled for July 11, 1983, was continued and Nicholas's newly appointed counsel was given an opportunity to file supplemental motions. These were substantially satisfied on August 31, 1983. On October 28, 1983, Nicholas through counsel tendered to the court a plea of guilty to second-degree murder.
Following a colloquy with the defendant, Judge Eason declared the plea voluntary. The defense counsel stated that a pre-sentence investigation would serve no purpose and waived all sentencing delays. In compliance with the penal provision of LSA-R.S. 14:30.1, Judge Eason then sentenced Nicholas to life imprisonment at hard labor *1297 without benefit of parole, probation or suspension of sentence. Near the conclusion of the proceedings, the prosecution announced that the plea was satisfactory to the state and stated that, in accordance with the plea agreement, a rape prosecution pending in another division of court would be dismissed.
The defendant now appeals citing two single assignments of error.

Assignment of Error No. 1
The trial court committed reversible error in finding the defendant mentally competent to assist counsel and proceed to trial.
This assignment was not briefed or argued. Pursuant to the Uniform Rule 2-12.4 of the Uniform Rules, Courts of Appeal, the assignment is deemed abandoned. See State v. Smith, 452 So.2d 251 (La.App. 5th Cir.1984).

Assignment of Error No. 2
It was error patent, on the face of the record, for the trial court to accept the defendant's plea of guilty to second degree murder.

Error PatentPlea
In State v. Godejohn, 425 So.2d 750, 751 (La.1983), the Louisiana Supreme Court held:
[The] colloquy which occurs when court canvasses the matter with accused to make sure that accused has full understanding of what plea connotes and of its consequences is part of plea of the accused, and it is in the nature of pleading or proceeding, rather than testimony or evidence and, therefore, review of colloquy for error on appeal constitutes mere inspection of pleadings and proceedings without inspection of evidence.
By so holding, the issue of whether the defendant was properly "Boykinized"[1] constitutes a proper subject for an "error patent" review.
The record (including the transcript of the plea colloquy) reflects that the judge advised the defendant of his right (1) to a trial by jury; (2) to confront his accusers; and (3) to remain silent as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The transcript of the plea proceeding reflects that the trial judge questioned the defendant regarding his understanding of the rights explained and ascertained whether he was voluntarily relinquishing them. Judge Eason further examined the defendant and his counsel concerning the completion of the "Defendant's Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty" form which Nicholas had signed, making sure from counsel that the form had been carefully explained to the defendant before he affixed his signature.
The trial judge also inquired into the merits of the allegations contained in the indictment and the details of the state's proof. He explained the sentence to be imposed and questioned Nicholas as to whether he was satisfied with the counsel appointed to represent him. During the colloquy, Nicholas responded appropriately and adequately expressed to the court his willingness to waive the described rights and enter the guilty plea.
Based upon the record, we find no patent error as to the defendant's guilty plea to second degree murder.

Error PatentRecord
The record shows that the defendant was brought from the forensic facility at Jackson, Louisiana for arraignment on April 7, 1982.
LSA-C.Cr.P. art. 642 states:
The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed. (Emphasis added)
Information gleaned from the record indicates that prior to the time of the filing of the indictment, Ricky Nicholas had been *1298 committed to Jackson by Judge Thomas C. Wicker, Jr. in another prosecution in another division of court.
Despite this fact, the prosecution was not suspended in the instant case. While no objection was lodged to bring the issue before the court, the problem should not have gone unnoticed. The fact that the first setting of the arraignment had to be continued because the defendant was hospitalized at Jackson should have provoked an inquiry into his mental competency to proceed. Likewise the fact that a writ had to issue to Jackson to secure his presence for arraignment and that his counsel entered an insanity plea on his behalf should have made the proceedings suspect.
In State v. Rogers, 419 So.2d 840, 843 (La.1982), the Supreme Court in summarizing the applicable jurisprudence stated:
A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing and conducting his defense, may not be subjected to a trial. Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); La.C.Cr.P. art. 641; State v. Bennett, 345 So.2d 1129 (La.1977). The failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).
Because the proceedings should have been suspended according to law, the arraignment was conducted in error; however, we find the error is not such as to warrant a reversal under these facts. LSA-C.Cr.P. art. 921.
Generally, under LSA-C.Cr.P. art. 555[2], an irregularity in the arraignment proceeding which is not objected to is waived and defendant herein did not object to the court's proceeding to arraignment without a finding of mental competency. Secondly, defendant pleaded guilty after being adjudicated competent to stand trial on three separate occasions subsequent to the arraignment and prior to tendering his guilty plea. As a result, defendant was not prejudiced by the arraignment proceedings. Consequently, a reversal of the conviction is not warranted.
Therefore, after a review of the record and law, the defendant's conviction of second-degree murder is hereby affirmed.
AFFIRMED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] LSA-C.Cr.P. art. 555 provides:

Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.
The Official Revision Comment following the article states in pertinent part:
(c) The last sentence of this article continues the rule of Art. 256 of the 1928 Louisiana Code of Criminal Procedure, that a defendant who pleads or proceeds to trial without formal arraignment waives his right to an arraignment, and that if the defendant voluntarily enters upon the trial without arraignment it shall be considered as if he had pleaded not guilty. This clear statement was placed in the 1928 Code to avoid hypertechnical defenses based upon the early common law theory that there was no issue between the state and the defendant without a formal arraignment. State v. Epps, 27 La.Ann. 227 (1875).