CURRAULT, Judge.
The defendant, James E. Schmidt, IV, was charged by bill of information filed on February 27, 1984 with possession of mari *811 juana in violation of LSA-R.S. 40:966. Defendant pled not guilty and filed a motion to suppress the evidence which had been seized from his vehicle without a search warrant. On September 5, 1984, in a consolidated hearing on the motion to suppress and trial on the merits, the trial court denied defense motion to suppress and found the defendant guilty as charged. The defendant waived all sentencing delays and the trial judge sentenced him to pay a One Hundred Dollar ($100) Indigent Defender Board fine, Twenty-Five Dollar ($25) clerk fee, Four Dollar and Fifty Cents ($4.50) Indigent Defender Board fee, Thirty-Seven Dollars and Fifty Cents ($37.50) victim’s fee and Twelve Dollars and Fifty Cents ($12.50) court costs (with 30 days to pay).
On January 26, 1984, about 9:20 p.m., Captain Early of the Jefferson Parish Sheriff’s Office who was off duty (and unarmed), drove into the parking lot of the Time Saver at 4431 Transcontinental Drive in Metairie, Louisiana to purchase a cold drink. At that time he noticed the defendant and another individual sitting in the defendant’s truck because:
“[T]hey had loud music, cursing, laughing and things like that. Other people who were entering and exiting the store were looking at them because they were creating a disturbance. ⅝ ⅝ ⅝ 4s ;{< ⅜:
“They had the doors open. I went in, I made my purchase and I came out and it was continuing, the loud music and cursing, whatever.”
Captain Early then entered his vehicle and drove it around to the back of the defendant’s vehicle. He called in the license plate number to his office and got out of his car. He identified himself and told both the defendant and his passenger to get out of the truck, which they did. When Captain Early told them they were under arrest for disturbing the peace, the individual who had been sitting on the passenger side in the truck bolted. The police officer ran halfway across the parking lot to see in which direction he went and called for back-up units. Captain Early then went back to the defendant who had remained standing at the open door of his truck and conducted a search of the passenger compartment of the car, including the center console. When he opened the center console, he discovered marijuana contained in a clear cellophane bag. Captain Early issued two misdemeanor summons (one for the possession of the marijuana) to the defendant and released him.
Following defendant’s conviction and sentence, he perfected this appeal alleging the following as error:
that (1) the evidence in this matter is insufficient to sustain a conviction in that the state failed to show possession by the defendant of the contraband seized in this matter; and that
(2) the trial court erred in failing to grant the motion to suppress the evidence seized in this matter.
Defendant failed to brief or argue the first assignment of error. An assignment of error not briefed and not argued is deemed abandoned. See Uniform Rules-Courts of Appeal, Rule 2-12.4. See also State v. Smith, 452 So.2d 251 (La.App. 5th Cir.1984); State v. Nicholas, 462 So.2d 1295 (La.App. 5th Cir.1985).
On the second assignment of error, the defendant argues that the search and seizure of the vehicle was unlawful whether characterized as an investigatory search or a search incident to a lawful arrest because the officer did not have the requisite reasonable or probable cause to search the vehicle.
The trial court denied defense motion to suppress the evidence citing State v. Gallow, 452 So.2d 227 (La.App. 1st Cir.1984) and Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).
A search and seizure conducted without a warrant is presumed unreasonable unless it is justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Davis, 452 So.2d 1208 (La. *812 App. 5th Cir.1984). Certain exceptions, such as a stop and frisk, or an automobile search have been recognized. The purpose of limiting warrantless searches to certain recognized exceptions is to preserve the constitutional safeguards provided by a warrant, while accommodating the necessity of warrantless searches under special circumstances. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Michigan v. Long, supra.
Once a defendant makes an initial showing that a warrantless search occurred, the burden of proof shifts to the state to affirmatively show that the search is justified under one of the narrow exceptions to the rule requiring a search warrant. State v. Raheem, 464 So.2d 293 (La. 1985); State v. Hernandez, 410 So.2d 1381 (La.1982); State v. Davis, supra.
The question involved in a war-rantless automobile search incident to an investigatory stop is whether a reasonable and prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. Michigan v. Long, supra; State v. Mayo, 450 So.2d 718 (La.App. 4th Cir.1984). The question in a warrantless automobile search incident to a custodial arrest is whether the facts were sufficient for a neutral and detached magistrate to conclude there existed probable cause to search the vehicle for weapons or contraband. U.S. v. Ross, supra; New York v. Belton, supra; State v. Brooks, 452 So.2d 149 (La.1984); State v. Mayo, supra.
In this case, Officer Early was by himself and unarmed. The arrestee had not been placed in handcuffs or removed from the scene, but was standing near the open door of his truck. When the passenger in the truck bolted, the officer left the defendant standing by the truck to pursue the other. Officer Early did not, in his testimony, state why he conducted the search (i.e., for weapons or contraband), and testified that he did not normally search a vehicle when the arrest was for disturbing the peace (a misdemeanor).
The trial court noted that:
“[Ojfficer Early was not alarmed that Mr. Schmidt would do something foolish ... because he left him standing by his automobile and went to the edge of the parking lot to see where the other boy went....”
Thus, the fact that the officer left defendant standing alone while he pursued the other supports our conclusion that he was not concerned about protecting himself, nor was he concerned about the destruction of contraband. The evidence further shows that the marijuana found in a closed console was not in plain view, as found by the trial court. Consequently, the officer’s search and seizure in this case cannot be justified by any of the exceptions to the warrant requirement or by the plain view doctrine. Therefore, we find that the motion to suppress the evidence was erroneously denied by the trial court.
For the foregoing reasons, after a review of the law and evidence, the defendant’s conviction and sentence for possession of marijuana are hereby reversed and the case remanded.
REVERSED AND REMANDED.