CURRAULT, Judge.
Michael J. Jackson, along with a co-defendant, was charged by bill of information with the armed robbery of Lisa Murphy, in violation of LSA-R.S. 14:64. On June 30, 1983, represented by counsel, he appeared before Judge Thomas C. Wicker, Jr. and entered a plea of not guilty. On August 17, 1983, he withdrew his former plea of not guilty and tendered a plea of guilty. Following a Boykin colloquy, Judge Wicker accepted the tendered plea but deferred sentencing Jackson until a pre-sentence investigation could be completed. On January 3, 1985, Judge Wicker sentenced Jackson to serve ten years in the custody of the Department of Corrections without benefit of parole, probation or suspension of sentence. From the conviction and sentence the defendant now appeals, requesting only that the record be examined for errors patent.
LSA-C.Cr.P. Article 920 provides, “[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review, the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975).
Where the conviction has been obtained by a plea of guilty, the issue of whether the defendant was properly “boyk-inized” also constitutes a proper inquiry in an “error patent” review. For as the Supreme Court held in State v. Godejohn, 425 So.2d 750, 751 (La.1983):
“The colloquy which occurs when the court canvasses the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences is a part of the plea of the accused. It is in the nature of a pleading or proceeding, rather than testimony or evidence. Therefore, a review of it for error on appeal constitutes a mere inspection of the pleadings and proceedings without inspection of the evidence.”
See also State v. Nicholas, 462 So.2d 1295 (La.App. 5th Cir.1985).
The transcript of the plea colloquy reveals that the trial judge advised the defendant as mandated by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 *798 L.Ed.2d 274 (1969), of his rights (1) to a trial by jury; (2) to confront his accusers; and (3) to remain silent, and questioned the defendant regarding his understanding of the articulated rights. The trial judge then ascertained whether Jackson was voluntarily relinquishing such rights to which line of questioning the defendant answered affirmatively. The trial judge then informed Jackson of the offense to which he was pleading guilty by reading its statutory definition and Jackson acknowledged he understood the charge then admitted his guilt.
After a complete and thorough review of all matters relevant to error patent contained in the “record,” including the colloquy between appellant and the trial judge, we find no errors patent and the plea to be sufficient.
Accordingly, for the above stated reasons, the conviction and sentence appealed is affirmed.
AFFIRMED.