KLIEBERT, Judge.
A bill of information was filed on October 6, 1983 charging the defendant with possession of over one hundred grams of Cocaine, a violation of R.S. 40:967. The defendant appeared for arraignment on November 3, 1983 and entered a plea of not guilty. The defendant failed to appear for trial on September 26, 1984; an attachment was issued and a $75,000.00 cash bond was set. On November 5, 1984 the defendant appeared in open court and tendered a plea of guilty to possession of less than twenty-eight grams of Cocaine. After conducting a full Boykin colloquy, the Honorable Alvin R. Eason, District Judge, accepted the defendant’s plea. The defendant waived all delays and was immediately sentenced to five years at hard labor.
Appellant requests this court to review the record for patent error. La.C.Cr.P. Article 920. Such a review includes a review for any error discoverable by inspection of the pleadings and proceedings and without inspection of the evidence. Where, as here, a defendant pleads guilty, the issue of whether defendant was properly boykinized, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) constitutes a proper inquiry under Article 920. Stater v. Godejohn, 425 So.2d 750 (La.1983); State v. Nicholas, 462 So.2d 1295 (5th Cir.La.App.1985).
The minute entry of November 5, 1984 and the transcript of the plea colloquy reflect that the trial judgé advised the defendant of his right to a jury trial, to confront his accusers, and to remain silent; the three rights articulated in Boykin. Additionally, the transcript reflects that the trial judge questioned the defendant with regard to his understanding of the rights explained to him and his voluntary waiver of those rights. The trial judge was satisfied from his questioning that the defendant fully understood his rights and voluntarily waived them.
The trial judge also inquired into the merits of the changes contained in the indictment and concluded that there was a sufficient factual basis for the guilty plea. The trial judge explained the sentence being imposed to assure himself that the defendant understood the penalty in connection with his plea. Additionally, contained in the record is a form signed by the defendant entitled “Defendant’s Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of Plea of Guilty,” spelling out all the above rights of the defendant.
Thus, the record reflects the defendant was fully advised of his rights and conse *1077 quences of his plea. Therefore, we conclude the defendant knowingly and voluntarily waived his rights. Moreover, as part of our review we examined the pleadings for defects and found none. Accordingly, the conviction and sentence are affirmed.
AFFIRMED.