531 So.2d 551 (1988)
STATE of Louisiana
v.
Charles CARVER.
No. 88-K-519.
Court of Appeal of Louisiana, Fifth Circuit.
September 2, 1988.
*552 Lawrence E. Biri, Jr., Metairie, for defendant/relator.
John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/respondent.
Before KLIEBERT and WICKER, JJ., and LOUMIET, J., Pro Tem.
PER CURIAM.
Relator seeks supervisory relief from a ruling by Judge Richards denying his motion to suppress.
The facts, excerpted from the transcript of the testimony of Officer Migliore are as follows:
On that particular morning while on patrol in the 3700 block of Hessmer in an area that is known for a high crime rate, also heavy narcotics traffic on the weekend hours, I was approaching the parking lot of the Art and Frame Market I think the name of the business is there, at which time I observed a maroon and silver pickup truck, Dodge, parked in a parking spot with cars on both sides of it. Inside the car the interior light was on in the vehicle, and the right door was open, and I observed the defendant hunched over in the seat and he looked like he was working on something. I watched him for approximately five minutes, and he kept looking up and looking around without observing me.
As I exited my vehicle evidently he must have heard me open my car door, because he turned and spotted me, at which time he bent over and he had his hands like he was trying to put something underneath the seat. He bent over in the front of the seat. When I got to the passenger door of the truck I observed the defendant with his hand still underneath the seat, at which time I drew down on the subject and ordered him to remove his hand from underneath the seat for my safety.
As he removed his hands, I felt under the seat and removed a plasticappeared to be a plate with three compartments. There were five hand-rolled cigarettes which contained a small amount of green vegetable matter which also had seeds. There was a colored plastic bag and pack of rolling paper in his truck.
I asked him to step out of the vehicle. I brought him back to my police car. I advised him of his necessary rights per the maranda [sic] warning, placed him under arrest, and had the transport unit take him into the lockup at that point.
The defendant testified that he had gone out to the truck to get cigarettes for a friend inside a nearby bar and was smoking a cigarette when the officer ordered him out of the truck and searched inside, finding the marijuana he asserted belonged to the friend who owned the truck. He explained his movements near the dashboard by stating that the cigarettes were in the glove compartment. He further offered that after he had obtained the pack of cigarettes he had to use the dashboard lighter to light one, necessitating the two or three minute delay inside the truck observed by the officer.
While the relator contends that the automobile exception to the warrant requirement *553 of the Fourth Amendment fails to support the search of the truck and the resultant seizure of marijuana from under the seat, it does not appear necessary to analyze the seizure under such theory. The United States Supreme Court in 1983 recognizing the "roadside encounters between police and suspects are especially hazardous" expanded the scope of a "Terry[1]" frisk to include "the search of the passenger compartment of an automobile limited to those areas in which a weapon may be placed or hidden, ... if the police officer possesses a reasonable belief on specific and articulable facts which, taken together with the rational inferences from those facts reasonably warrant the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868 at 1880 [20 L.Ed.2d 889]", See Michigan v. Long, 463 U.S. 1032 at 1050, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), 103 S.Ct. at 3481. The Court continued:
"[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." [Terry v. Ohio, 392 at 27, 88 S.Ct. at 1883]. If a suspect is "dangerous," he is no less dangerous simply because he is not arrested. If, while conducting a legitimate Terry search of the interior of the automobile, the officer should, as here, discover contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances. Coolidge v. New Hampshire, 403 U.S. 443, 465, 91 S.Ct. 2022, 2037, 29 L.Ed.2d 564 (1971); Michigan v. Tyler, 436 U.S. 499, 509, 98 S.Ct. 1942, 1949, 56 L.Ed.2d 486 (1978); Texas v. Brown, 460 U.S. [730] at 739, 103 S.Ct. [1535] at 1541 [75 L.Ed.2d 502 (1983)] (plurality opinion by REHNQUIST, J.); id. at 746, 103 S.Ct. at 1545 (POWELL, J., concurring in the judgment).
Accordingly, the inquiry in this case focuses on whether the officer made a valid investigatory stop and whether his belief that the subject may have been armed was warranted under the circumstances.
C.Cr.P. art. 215.1 authorizes an investigatory detention or "Terry" stop whenever "he reasonably suspects is committing, has committed, or is about to commit an offense." In the present case the officer was conducting a surveillance of an area known for late night criminal activity, and close to 1:00 a.m. observed the relator inside a parked truck conducting some activity in the vicinity of the dashboard. As the officer maintained his observations the relator made no move to exit the truck, but continued to be engaged in whatever maneuver he was executing within the truck. Considering the reputation of the area[2] and the fact that the relator's actions within the vehicle were consistent with those of one burglarizing an automobile, further inquiry by the officer appeared justified. See State v. Gallow, 452 So.2d 227 (La. App. 1 Cir.1984), writ denied, 456 So.2d 1016 (La.1984).
The defendant's furtive gesture when observing the officer heightened the officer's suspicion, and according to the jurisprudence supported a reasonable belief that the situation could be dangerous justifying the subsequent search for a possible weapon. See State v. Williams, 489 So.2d 286 (La.App. 4 Cir.1986), State v. Archie, 477 So.2d 864 (La.App. 4 Cir.1985).
Under the circumstances presented, the seizure of the narcotics from under the seat appears to have been proper and the trial judge did not err in denying the motion to suppress.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[2] The reputation of an area is an articulable fact upon which the police officer may rely and is relevant in the determination of whether there is reasonable cause to conduct an investigatory stop. See State v. Burnett, 513 So.2d 391 (La. App. 4 Cir.1987).