615 So.2d 943 (1993)
STATE of Louisiana, Plaintiff and Appellee,
v.
Leon Daryl STARKS, Defendant and Appellant.
No. 92 KA 0537.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
*945 Bernie B. Boudreaux, Dist. Atty., Walter J. Senette, Jr., Asst. Dist. Atty., Franklin, for plaintiff and appellee.
Don J. Hernandez, Chief Indigent Defender, Susan Kutcher, Indigent Defender Bd., Franklin, for defendant and appellant.
Before WATKINS, CRAIN and GONZALES, JJ.
WATKINS, Judge.
Defendant, Leon Daryl Starks, was charged by bill of information with distribution of cocaine, a violation of LSA-R.S. 40:964 and LSA-R.S.40:967 A. After the state orally amended[1] the charge to possession with intent to distribute cocaine, defendant pled guilty pursuant to an agreement in which the trial court agreed to impose a suspended sentence of seven years imprisonment. Defendant specifically reserved the right to appeal the trial court's denial of his motion to suppress physical evidence. See State v. Crosby, 338 So.2d 584 (La.1976). Thereafter, in accordance with the plea agreement, the trial court sentenced defendant to imprisonment at hard labor for seven years and a fine of $500.00, suspending the sentence of imprisonment and placing defendant on supervised probation for five years, with special conditions. Defendant has appealed, alleging in his sole assignment of error that the trial court erred in denying his motion to suppress.

FACTS
The testimony given at the hearing on defendant's motion to suppress established *946 the following facts. On May 2, 1991, Officer Travis Crouch was working detail duty for the housing authority at the Brownell Homes located in Morgan City, Louisiana.[2] Between approximately 10:00 and 11:00 p.m., Officer Crouch was leaving the scene of a domestic dispute he had just investigated; he was approached by a woman who told him, that shortly before, while she was walking along the street with her grandchild, she witnessed an apparent drug transaction take place approximately five feet from her on a street corner. She indicated that she saw a man wearing plaid shorts and a yellow shirt walk out to a truck at the curb; the man opened a matchbox from which he took an object that appeared to be rock cocaine; he gave it to an individual in the truck, who gave the man money in return for the object. The woman told Officer Crouch that the man was still standing on the street corner, along with several other individuals. When Officer Crouch looked toward the corner, the lady verified that defendant was the man she had seen sell what appeared to be cocaine. The informant, who appeared to be in her sixties and who was accompanied by a small child in a stroller, told Officer Crouch she was reporting this information because she was concerned about her grandchildren who lived in Brownell Homes.
Officer Crouch radioed the information to Officer Michael Banks of the Morgan City Police Department; the St. Mary Parish Sheriff's Department was also contacted. Before the arrival of the other officers, Officer Crouch watched defendant standing on the street corner with several other individuals for ten to fifteen minutes, but observed no suspicious conduct. When the law enforcement officers contacted by Officer Crouch approached the street corner in an unmarked police unit, which nevertheless appears to have been well-known in the city, defendant began running. At that point, Officer Crouch visually identified defendant as the individual pointed out to him by the informant. The officers in the unmarked unit followed defendant as he ran; after defendant made a turn and ran behind some housing units, they exited the vehicle and ran after him on foot. Officer Banks ran directly behind, shining his flashlight on defendant; two other officers ran parallel to where defendant was running. When Officer Banks was approximately twenty to thirty yards behind defendant, he saw defendant stop running, take an object out of his pocket, and bend down and place it behind one of the housing units. Defendant then turned around and, with his hands raised, walked toward Officer Banks. After defendant was detained and advised of his rights, he was asked what he left behind the building; defendant apparently made no response. Officer Banks searched the area where he had seen defendant place the object and found a matchbox containing nine rocks of cocaine.

ASSIGNMENT OF ERROR
In his sole assignment of error, defendant alleges the trial court erred in denying his motion to suppress the physical evidence seized. Specifically, defendant contends that the investigatory detention of defendant was an illegal stop because it was made without reasonable cause, rendering the subsequent seizure of physical evidence illegal.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by Louisiana Code of Criminal Procedure article 215.1, as well as both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389, 391 (La.1983). However, an officer's right to make an investigatory stop of a particular individual must be based upon reasonable cause to believe that he had been, is, or is about to be engaged in criminal conduct. LSA-C.Cr.P. art. 215.1; Andrishok, 434 So.2d at 391.
*947 For purposes of an investigatory stop and detention for interrogation, "reasonable cause" is something less than probable cause and must be determined under the facts of each case considering whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. The totality of circumstances must be considered in determining whether or not reasonable cause exists. Further, to assess the reasonableness of an officer's conduct, it is necessary to balance against the harm of invasion the need to search or to seize. State v. Scott, 561 So.2d 170, 173 (La.App. 1st Cir.), writ denied, 566 So.2d 394 (La. 1990). Although flight, furtive gestures, nervousness, or startled behavior at the sight of a police officer is, by itself, insufficient to justify an investigatory stop, this type of highly suspicious conduct may be a factor leading to a finding of reasonable cause. Scott, 561 So.2d at 173-174; see State v. Carver, 531 So.2d 551, 553 (La. App. 5th Cir.1988). The reputation of an area is another articulable fact upon which a police officer may rely and which is relevant in the determination of whether or not there was reasonable cause for an investigatory stop. Scott, 561 So.2d at 173; Carver, 531 So.2d at 553 n. 2. Areas known to be high crime areas are places where the character of the area gives color to conduct which might not otherwise arouse the suspicions of an officer. Scott, 561 So.2d at 173.
If police officers make an illegal investigatory stop, property abandoned or otherwise disposed of as a result thereof cannot be legally seized. State v. Hamilton, 546 So.2d 554, 556 (La.App. 1st Cir. 1989). However, if the property is abandoned prior to an unlawful seizure or detention of the individual, then the abandoned property may be seized. See California v. Hodari D., ___ U.S. ___, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991); Hamilton, 546 So.2d at 556.
In the present case, defendant argues that he was unlawfully seized by the police before he dropped the contraband, making the seizure of these drugs the fruit of an unlawful stop. Defendant contends that the pursuit by the police officers was a show of authority to which he submitted by stopping, prior to discarding the contraband. We disagree.
Even if the pursuit of defendant could be considered a sufficient show of authority, defendant had not submitted to this show of authority when he discarded the contraband in question. The evidence reveals that defendant first discarded the contraband and, only then, turned around and walked toward the police with his hands up. Under these circumstances, we believe that the matchbox containing drugs, which was discarded by defendant prior to submitting to the police, was abandoned by defendant and was not the fruit of a seizure subject to suppression. See California v. Hodari D.; State v. Francise, 597 So.2d 28 (La. App. 1st Cir.), writ denied, 604 So.2d 970 (La.1992); State v. Pittman, 585 So.2d 591, 595 (La.App. 5th Cir.), writ denied, 586 So.2d 545 (La.1991).
Moreover, we conclude the police had reasonable cause to justify an investigatory stop of defendant; therefore, the seizure of the contraband cannot in any event be considered the fruit of an illegal stop. The evidence at the suppression hearing established that the police received information from a citizen informant who personally approached an officer and, after explaining that she was doing so because of concern for her grandchildren, gave detailed information regarding an apparent drug transaction she had witnessed shortly before between defendant and another individual.[3] At the time this information was *948 received, defendant was still standing on the street corner where the transaction had occurred. There was testimony at the suppression hearing that Brownell Homes, in general, and the street corner where defendant was standing, in particular, are high crime areas known for illegal drug activity. Furthermore, upon seeing the mere approach of the unmarked police vehicle at a normal speed, without lights and siren, defendant immediately fled. While each of these factors alone may not have been sufficient, when considered together they established reasonable cause for the police to make an investigatory stop of defendant. Therefore, the contraband abandoned by defendant cannot be considered the fruit of an illegal stop as argued by defendant.
For these reasons, defendant's assignment of error is without merit.
After consideration of the above the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] We note as patent error the fact that the state did not file a written amendment to the bill of information charging defendant; written amendment was required because possession with intent to distribute cocaine is not a lesser-included responsive verdict to a charge of distribution of cocaine. See LSA-C.Cr.P. art. 814(A)(48). However, we conclude that this failure was harmless error because the plea made by defendant was acceptable to the district attorney, defendant was fully aware of the charge to which he was pleading, and the plea was not prejudicial to defendant. See State v. Barclay, 591 So.2d 1178, 1182 (La.App. 1st Cir. 1991), writ denied, 595 So.2d 653 (La.1992).
[2] On May 2, 1991, Officer Crouch was employed by the St. Mary Parish Sheriff's Office; however, at the time of the suppression hearing he was employed by the Morgan City Police Department.
[3] In brief, defendant argues that the information provided by this informant could not provide reasonable cause for an investigatory stop, because she was not known to the police and had not previously provided information to them. We disagree. We believe there were sufficient indicia of reliability of the information provided, even under the test used to ascertain the credibility of a confidential informant who provides information to support probable cause for a warrantless arrest or search. In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court abandoned an inflexible test for determining the reliability of information provided by a confidential informant in favor of a totality of the circumstances analysis. See Francise, 597 So.2d at 34. The Gates Court held that, while "basis of knowledge" and "reliability" are relevant considerations, these factors are not absolutely controlling and "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." 103 S.Ct. at 2329. In the present case, the showing as to the informant's basis of knowledge was extremely strong; furthermore, the fact that the informant was accompanied by her grandchild tends to corroborate the explanation given as to her motivation for providing the information. In contrast to an informer who is an anonymous person who routinely tips police to criminal conduct, a citizen informer is a presumptively inherently credible source. State v. Morris, 444 So.2d 1200, 1203 (La.1984). We believe the totality of the circumstances supported the overall reliability of the tip provided by the informant.