563 So.2d 579 (1990)
STATE of Louisiana
v.
Frederick J. CHAMBERS.
No. 89-KA-1509.
Court of Appeal of Louisiana, Fourth Circuit.
June 14, 1990.
*580 Harry F. Connick, Dist. Atty., and Daniel A. Claitor, Asst. Dist. Atty., New Orleans, for plaintiff, appellee.
Elizabeth W. Cole, Supervising Atty., and Jai Sharma, Student Atty., New Orleans, for defendant, appellant.
Before SCHOTT, C.J., and BARRY and BECKER, JJ.
BECKER, Judge.
The defendant, Frederick Chambers, and a co-defendant were arrested and charged by Bill of Information with possession of cocaine on November 11, 1988. A six member jury found Chambers guilty of attempted possession of cocaine. Thereafter, he was sentenced to serve eighteen months in the parish prison,[1] suspended and was placed on three years active probation. He appeals alleging as his only assignment of error the trial court's denial of his Motion for Post Verdict Judgment of Acquittal, arguing that the evidence was insufficient to support the jury's verdict.
Officers Charles Little and Pete Bowen were participating in a narcotics task force called "Operation Crackdown" on November 17, 1988, in the 2000 block of Hendee Court, an area known for heavy narcotics trafficking. Little watched for drug transactions and Bowen relayed information to "take down units" that stopped identified cars as they were leaving the Florida project. Little testified that he observed many transactions that night, and sixteen arrests were made.
At 12:15 p.m., Little testified he observed a 1968-71 black Camaro occupied by two black males enter the driveway. A subject he had observed earlier that night involved in several other transactions approached the driver's side. He stayed there two to three seconds, then went into a breezeway. He returned in seconds, handed the driver an object, and received from the driver an object that was apparently money. He counted the money and walked away. Little and Bowen radioed this information to the "take down unit."
Detective Dejoie and Dewey occupied the "take down unit." They received the transmission that the occupants of a black Camaro had been involved in an apparent drug transaction. After stopping a car fitting the description, Dewey approached the passenger's (the defendant's) side and Dejoie approached the driver's (the co-defendant's) side. Both occupants were ordered out of the car and searched. No drugs were found on Chambers but Officer Dejoie discovered three small pieces of crack cocaine in a folded dollar bill in the co-defendant's pocket.
The standard of review to be used by an appellate court is whether viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982).
To support a conviction for possession of a controlled dangerous substance in violation of R.S. 40:967, the State must prove that the defendant was 1) in possession of the illegal drug and 2) that he knowingly possessed the drug. The state need not prove that the defendant was in actual physical possession of the drug found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983). To prove attempt, the State must show that the defendant committed an act tending directly toward the accomplishment of his intent, possession of the drug.[2] *581 The mere presence of the defendant in the area where the drugs are found, or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. Trahan, supra; State v. Johnson, 404 So.2d 239 (La.1981), cert. den. Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). However, a person found in the area of the contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control, State v. Trahan, supra; State v. Johnson, supra; State v. Smith, 257 La. 1109, 245 So.2d 327 (1971); or if he is in joint possession of a drug which is in the physical possession of a companion if he willfully and knowingly shares with the other the right to control the drug. Guilty knowledge is the essential element. The determination of whether there is possession sufficient to convict depends on the facts peculiar to each case. State v. Trahan, supra, citing State v. Cann, 319 So.2d 396 (La. 1975).
Several factors to be considered in determining whether a defendant exercised "dominion and control" over the narcotics to constitute constructive possession are as follows:
"... a defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the particular area was frequented by the drug users." State v. Tasker, 448 So.2d 1311, 1314 (La.App. 1st Cir.1984), writ den. 450 So.2d 644 (La. 1984).
In State v. Kingsmill, 514 So.2d 599 (La.App. 4th Cir.1987), the arresting officers stopped a car containing four men: Gueho, Warning, Kingsmill and St. Cyr. St. Cyr exited the passenger door and dropped a marijuana cigarette. An officer then noticed a large bag containing green vegetable matter on the front floorboard near the passenger seat. All four men were then arrested for possession of marijuana. An open box marked "Ohaus" was found on the rear seat between Gueho and Kingsmill containing an Ohaus scale commonly used by drug dealers, a razor, rolling papers, numerous bag ties, and a plastic bag containing two smaller bags of cocaine. Kingsmill and St. Cyr argued sufficiency of the evidence on appeal of their cocaine possession conviction. This court found the evidence sufficient:
In the instant case, the cocaine was found in a cardboard box in the center of the rear seat. Arresting Officer Hartman and state rebuttal witness, Officer Thorn, both testified that Warning stated to them that all four men pooled their money to purchase the marijuana and cocaine. At defendants' trial, Warning denied making these statements. St. Cyr was observed dropping a marijuana cigarette, and a large plastic bag of marijuana was found on the front floorboard where he was seated. The cardboard box containing the cocaine and other drug paraphernalia was located on the rear seat next to where defendant Kingsmill was seated. These facts coupled with significant inconsistencies in the testimony of Gueho, Warning and Kingsmill was sufficient for the trial judge to infer that, although defendants were not found in actual physical possession of the cocaine, they exerted "dominion and control" *582 over the drug and as such were in constructive possession of the cocaine.
In State v. Hall, 524 So.2d 179 (La.App. 4th Cir.1988), writ den. 531 So.2d 264 (La. 1988), the officers stopped the car after observing a near collision. When the driver opened the door, the officers "noticed the distinctive and powerful odor associated with PCP." One officer observed a hand rolled cigarette on the passenger seat. The other officer testified the defendant, the passenger, was under the influence of either alcohol or drugs. This Court found these facts sufficient to support the defendant's conviction for attempted possession of PCP. Also see State v. Gallow, 452 So.2d 227 (La.App. 1st Cir.1984). In this case, the amount of the drug found was not as great as in Kingsmill. Nor were the drugs in apparent use as in Gallow and Hall. The drugs were not in open view. In fact the small amount of drugs were wrapped tightly in a dollar bill in the co-defendant's pocket.
Although the State introduced evidence that the defendant witnessed the drug transaction and knew his co-defendant possessed cocaine, they failed to prove an essential element of attempted possession, an act of the defendant tending directly toward the accomplishment of his goal, the possession of cocaine. The record is completely void of any evidence to support the intent of Chambers to possess, either actively or constructively. Therefore, the evidence is insufficient to support his conviction.
Accordingly, the judgment of the trial court denying the defendant's Post Verdict Judgment of Acquittal is reversed and the defendant Frederick Chambers is discharged.
REVERSED AND RENDERED.
SCHOTT, C.J., dissents with written reasons.
SCHOTT, Chief Judge, dissenting:
The evidence established that defendant was voluntarily a passenger in an automobile whose driver entered a hotbed of drug activity in the middle of the night and purchased enough rock cocaine for himself and the defendant to use.
When this evidence is reviewed on appeal in the light most favorable to the prosecution it supports the conclusion that the jury, as a rational fact finder, could have found the defendant guilty beyond a reasonable doubt of an attempt to possess cocaine. In doing so the jury could have concluded that every reasonable hypothesis of defendant's innocence of the attempt was precluded.
NOTES
[1] Although the record reflects several errors patent such as a sentence to parish prison when the penalty under R.S. 40:967(C) mandates confinement in the Department of Correction, we do not deal with those errors in light of our final decision.
[2] L.S.A.-R.S. 14:27 provides:

A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.