584 So.2d 356 (1991)
STATE of Louisiana
v.
Albert COLLINS.
No. 90-KA-1522.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1991.
*358 Harry F. Connick, Dist. Atty. and Martin Melton, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
Ike Spears, New Orleans, for defendant-appellant Albert Collins.
Before KLEES, CIACCIO and BECKER, JJ.
KLEES, Judge.
Defendant appeals his conviction of attempted possession of cocaine in the *359 amount of twenty eight grams. We affirm.
On September 17, 1988, at approximately 8:45 p.m., Officers Jeff Winn and Maurice Palmer were flagged down by a woman at Terpsichore and South Robertson Streets. She told the officers that a burglary was taking place at apartment 2A at 2339 Martin Luther King Boulevard. She did not give the officers her name and did not accompany them to the burglary scene.
The officers proceeded to 2339 Martin Luther King and found that the glass panel in the kitchen door of the apartment 2A had been broken. The officers climbed through the opening and searched each room for the burglar. They found a shotgun leaning against the kitchen wall, but they did not find anyone in the apartment, which appeared to have been ransacked. They then searched for evidence as to whom the apartment belonged.
One of the officers noticed an overturned rice canister on the kitchen table and saw a portion of a plastic bag sticking out of the spilled rice. The plastic bag contained a white powder believed to be cocaine. Other bags were found in that canister and in another sealed canister. A total of fortythree plastic bags containing cocaine were found. The officers also saw on the kitchen table one large and one small gram scale and the clip for an automatic weapon. There were pieces of mail on the table which were addressed to the defendant at 2339 Martin Luther King. The letters bore recent postmarks. In addition, the officers found an expired driver's license in defendant's name bearing the address of 2339 Martin Luther King.
The officers obtained an arrest warrant for defendant, but they never found him at 2339 Martin Luther King. Defendant turned himself in several days later. When he was booked, he gave his address as 2339 Martin Luther King.
Defendant was charged by bill of information with possession of cocaine in excess of twenty-eight grams but less than two hundred grams, in violation of La.R.S. 40:967. Defendant pleaded not guilty, and he was tried by a twelve-person jury on March 22, 1989. The jury found him guilty of attempted possession of cocaine in the amount of twenty-eight grams. Defendant filed a motion for new trial, which was denied August 4, 1989. On the same day, defendant was sentenced to seven years at hard labor with the sentence suspended and defendant placed on five years active probation. Defendant was also required to pay court cost of $159.00.
On appeal, defendant contends that the jury's verdict is against the weight of the evidence, and that the trial court erred in allowing Officers Winn and Palmer to testify as to the incriminating statement he made when he gave his address at the time he was booked.

ERRORS PATENT
A review of the record reveals two errors patent. The trial court sentenced defendant without observing the twenty-four hour delay period after denying defendant's motion for new trial and alternative motion for post-verdict judgment of acquittal. La.C.Cr.P. art. 873. There is no indication in the record that defendant waived this delay. Thus, it is an error patent on the face of the record. In State v. Augustine, 555 So.2d 1331 (La. 1990), the Supreme Court held that the trial court's failure to observe the twenty-four hour delay did not constitute harmless error, even if the defendant did not raise that issue as error on appeal, where the defendant challenged his sentence on appeal. In the present case, defendant does not challenge his sentence and he does not raise as error the failure of the trial court to wait twenty-four hours before imposing sentence. Therefore, this error is harmless.
The sentence contains an additional error patent in that the penalty for attempted possession of cocaine in excess of twenty-eight grams but less than two hundred grams carries a mandatory fine. R.S. 40:967 F(1).[1] The trial court failed to assess a fine when it sentenced defendant; thus, the sentence is unlawfully lenient. *360 However, a sentencing error favorable to the defendant cannot be considered on appeal where it is not raised as error by the defendant or by the State. State v. Fayard, 537 So.2d 347 (La.App. 4th Cir.1989), writ denied 541 So.2d 871 (La.1989), reconsideration denied 543 So.2d 10 (La.1989).

ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, defendant complains that the jury's verdict is against the weight of the evidence, and that the trial court should have granted his motion for new trial, or in the alternative, his motion for post-verdict judgment of acquittal. He argues that the State failed to prove the essential elements of attempted possession of cocaine because it was not shown that he did or omitted any act toward attempting to possess the cocaine in question. He further argues that the State failed to prove either actual or constructive possession of the cocaine. Defendant contends the State did not establish he had dominion or control over the cocaine because there was no proof that the apartment was his or that he knew the cocaine was there.
The standard for reviewing a claim of insufficient evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982). When the conviction is based on circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438; State v. Camp, 446 So.2d 1207 (La.1984). This is not a stricter standard of review, but it is an evidentiary guide for the jury when it considers circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985). If a rational trier of fact reasonably rejects the defendant's hypothesis of innocence, that hypothesis fails; and unless another hypothesis creates reasonable doubt, the defendant is guilty. State v. Captville, 448 So.2d 676 (La.1984).
To support a conviction for possession of cocaine in violation of La. R.S. 40:967, the State must prove that the defendant was in possession of the cocaine and that he knowingly possessed it. State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990). To prove an attempt to possess, the State must prove that the defendant committed an act tending directly toward the accomplishment of his intent, i.e. possession of the drug. Id. Moreover, the State need only establish constructive possession, rather than actual or attempted actual possession of the cocaine, to support an attempted possession conviction. State v. Jackson, 557 So.2d 1034 (La.App. 4th Cir.1990); State v. Maresco, 495 So.2d 311 (La.App. 4th Cir.1986), writ denied 500 So.2d 419 (La.1987).
The mere presence of the defendant in an area where drugs are found or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. Trahan, 425 So.2d 1222 (La.1983). However, a person not in physical possession of the drugs may have constructive possession when the drugs are under that person's dominion and control. State v. Jackson, supra,; State v. Reaux, 539 So.2d 105 (La.App. 4th Cir.1989). Being a resident of premises where drugs are found is not in and of itself sufficient to prove constructive possession. State v. Williams, 546 So.2d 963 (La.App. 3d Cir.1989).
There are several factors to be considered in determining whether the defendant exercised dominion and control so as to constitute constructive possession. Those factors are: the defendant's knowledge that illegal drugs are in the area; the defendant's relationship with the person in actual possession; the defendant's access to the area where the drugs were found; evidence of recent drug use by the defendant; the defendant's physical proximity to the drugs; and any evidence that the particular area was frequented by drug users. Chambers, supra; State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984), writ denied, 450 So.2d 644 (La.1984).
*361 We find that the State proved its case beyond a reasonable doubt. Defendant's constructive possession of the cocaine was established by the recent mail bearing his name and the address of the apartment, which was found on the kitchen table with the cocaine. Two gram scales commonly used by drug dealers were also on the kitchen table. In addition, defendant's expired driver's license bearing the same address was found in the apartment. Clearly, defendant lived in apartment 2A at 2339 Martin Luther King Boulevard. There was nothing to show that anyone else lived in the apartment; therefore, defendant is the only person who could have exercised dominion and control over the cocaine found in his kitchen. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2:
In his second assignment of error, defendant complains that the trial court erred in allowing Officers Winn and Palmer to testify as to an incriminating or inculpatory statement made by him regarding his address at the time he was booked. He argues that he was lulled into a misapprehension of the strength of the State's case because the State indicated in its responses to his motion to suppress the confession and his bill of particulars that no confessions or inculpatory statements had been made.
The statement in question relates to the address given by defendant when he was booked by Officers Winn and Palmer. Officer Winn, who prepared the "face sheet" when defendant was booked, testified that defendant gave his address as 2339 Martin Luther King; Officer Palmer corroborated this. Officer Winn denied having filled in the address himself prior to defendant's turning himself in.
Before its opening statement, the State gave notice pursuant to La.C.Cr.P. art. 768 that it intended to use as evidence the statement made by defendant regarding his address when he was booked. Defendant objected on the basis that the State had failed to disclose the existence of this statement in response to the motion to suppress the confession and the bill of particulars. Counsel for defendant, who was with defendant when he was booked, stated that defendant was never asked for his address. The trial court ruled that the filing of the notice (which it referred to as a motion) was improper, but that the State had the right to ask its witnesses any questions it wished and the witnesses' testimony could not be limited prior to their appearing and testifying. The trial court told counsel for defendant to object when the statement was offered into evidence. Defendant's counsel objected when trial commenced, but did not renew the objection when either of the officers testified. The trial court never gave a definitive ruling on admissibility of the statement.
The law requires that, upon motion of the defendant, the trial court shall order the State to inform the defendant of the substance of any oral statement made by the defendant which the State intends to offer into evidence. La.C.Cr.P. art. 716 C. The duty to disclose is a continuing one. La.C.Cr.P. art. 729.3. The State also must advise the defendant in writing, prior to the State's opening statement, of its intent to introduce a confession or inculpatory statement into evidence. La.C.Cr.P. art. 768. Failure to give such notice renders the confession or inculpatory statement inadmissible. Id.
Where the defendant has been lulled into a misapprehension of the strength of the State's case by the failure to disclose fully, such prejudice may constitute reversible error. State v. Ray, 423 So.2d 1116 (La.1982); State v. Strickland, 398 So.2d 1062 (La.1981). However, the failure of the State to comply with discovery procedures will not automatically command reversal. Ray, supra. The reviewing court must review the record and make a determination of whether any prejudice which may have resulted from noncompliance has caused the trier of fact to reach the wrong conclusion. State v. Mitchell, 412 So.2d 1042 (La.1982); Strickland, supra. Failure to provide the defendant with correct Article 768 notice may be harmless error where the remaining evidence *362 of guilt is overwhelming. State v. Jackson, 450 So.2d 621 (La.1984).
In State v. Ancar, 508 So.2d 943 (La. App. 4th Cir.1987), the State answered that it had no confessions or statements by the defendant in response to his discovery request. At the beginning of trial, the State gave the defendant notice under Article 768 of its intent to use an inculpatory statement. The defendant objected because of the State's noncompliance with its continuing duty to disclose, but the trial court held that the statement was admissible as res gestae. This court ruled that nothing in the record showed that the State had satisfied its continuing duty to disclose, and whether the statement was res gestae was irrelevant. This court held that the trial judge had erred by failing to impose one of the remedial sanctions set forth in La. C.Cr.P. art. 729.5.[2] However, the trial court's error did not mandate reversal because any prejudice which resulted had not caused the trier of fact to reach the wrong conclusion. Although the inculpatory statements had increased the amount of evidence against the defendant, they had not caused the jury to come to the wrong conclusion.
In the instant case, we do not find defendant's failure to renew his objection to the introduction of the inculpatory statement to be a waiver of that error, because defendant did vigorously object to the statement when the State filed its Article 768 notice. Treating the trial court's non-ruling as an overruling of the objection to the admissibility of the inculpatory statement, we do find that the trial court erred in not imposing a sanction upon the State under Article 729.5. However, this failure does not constitute reversible error because the admission of the statement into evidence did not cause the jury to reach an erroneous conclusion. Reviewing the record in the absence of the statement, there was ample other evidence, such as the mail and the driver's license, to lead the jury to conclude that defendant resided in apartment 2A at 2339 Martin Luther King. Therefore, this assignment of error is without merit.
Accordingly, for the reasons given, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] This is the penalty provision in effect at the time of the offense.
[2] Those sanctions include allowing discovery and inspection, granting a continuance, ordering a mistrial on the motion of defendant, prohibiting the introduction of the evidence not disclosed, or any other order, except dismissal, which is appropriate.