CIACCIO, Judge.
Larry Coleman was convicted of possession of cocaine, a violation of LSA-R.S. 40:967(C)(2). At the sentencing hearing, defense counsel filed a Motion for a Post-Verdict Judgment of Acquittal. The court granted the motion, vacated the jury verdict, and found the defendant guilty of R.S. 14:27/967(C)(2), attempted possession of cocaine. He was then sentenced to serve two and one-half years at hard labor. The State now appeals, arguing that the trial court erred in granting the defendant’s motion for a post-verdict judgment of acquittal.
On February 28, 1990, while working with Detectives Eddie Selby and Joseph Williams, NOPD Officer James Stewart of the narcotics division went to 2608 Gallier St. because he received a complaint from an informant that drugs and drug paraphernalia were being sold there. On observing a man with a syringe in his hand emerge from the house, look at the officers and turn back into the residence, Officer Stewart ran to the rear of the house and caught the man as he came out of the back door. Stewart then walked into the house where the defendant was being held by the other two officers.
Detective Selby followed the man with the syringe into the house at 2608 Gallier St. There he saw the defendant and another man emerging from a bedroom; Selby stopped the two and frisked them. The defendant had no drugs. The officer noticed on a bedroom dresser a glass dish containing a razor blade with a white residue on it, a spoon with white residue on it, and eight clear plastic bags filled with a white powder. The powder proved to be cocaine. In the kitchen $95 was found on a table. Selby checked the defendant for track marks and discovered only old scars on his legs.
The State maintains that enough evidence was produced at trial to sustain the jury’s finding that the defendant possessed cocaine. The standard of review to be used by an appellate court is whether viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
To support a conviction for possession of cocaine, the State must prove that the defendant knowingly possessed the drug. The State need not prove that the defendant was in actual physical possession of the drug; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983). A conviction for attempt must be based on a showing that the defendant committed an act tending directly toward the accomplishment of his intent, the possession of the drug. State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990).
*909 The mere presence of the defendant in the area where the drugs are found, or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. Trahan, supra; State v. Johnson, 404 So.2d 239 (La.1981), cert. den. Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). However, the presence of a defendant in the area of contraband may be considered constructive possession if the illegal substance is subject to his dominion and control. State v. Trahan, supra; State v. Johnson, supra; State v. Smith, 257 La. 1109, 245 So.2d 327 (1971). The determination of whether there is possession sufficient to convict depends on the facts peculiar to each case. State v. Trahan, supra, citing State v. Cann, 319 So.2d 396 (La.1975).
The factors to be considered in determining whether a defendant exercised “dominion and control” over illegal drugs so as to constitute constructive possession are:
a defendant’s knowledge that the illegal drugs are in the area; the defendant’s relationship with the person found to be in actual possession; the defendant’s access to the area where the drugs were found; the evidence of recent drug use by the defendant; the defendant’s physical proximity to the drugs; and any evidence that the particular area was frequented by drug users. State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984), writ den. 450 So.2d 644 (La.1984).
State v. Chambers, 563 So.2d 579 (La. App. 4th Cir.1990).
In State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990), narcotic agents observed a black Camaro stop in a driveway where drug transactions were occurring. The driver gave money and appeared to receive drugs from a man standing in the driveway. Later when the police stopped the Camaro, both occupants of the car were searched. The driver possessed three pieces of crack cocaine, but none was found on the defendant, Chambers, who was a passenger in the automobile. Even though there was evidence that the defendant witnessed the drug transaction and knew the driver of the car possessed cocaine, this court found there was not enough evidence to prove active or constructive possession of cocaine so as to support the conviction of attempted possession of cocaine.
Similarly, in the case at bar the defendant was arrested in a house which he did not own or reside in. He was observed walking from a bedroom where bags of cocaine were in plain view. However, he had no drugs on his person, and there was no evidence that he had recently purchased or used drugs. The track marks on his legs were old scars. As the trial court remarked, circumstances indicated only that the defendant intended to possess illegal drugs. The evidence does not satisfy the test requiring proof that the defendant knowingly had physical or constructive possession of illegal drugs.
Accordingly, for reasons given above, the defendant’s conviction of attempted possession of cocaine and sentence are affirmed.
AFFIRMED.