619 So.2d 790 (1993)
STATE of Louisiana,
v.
Carlos GINORIO.
No. 92-KA-1192.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1993.
*792 Harry F. Connick, Dist. Atty., Susan M. Erlanger, Asst. Dist. Atty., New Orleans, for plaintiff.
Frank Larre, New Orleans, for defendant.
Before WARD, ARMSTRONG and PLOTKIN, JJ.
ARMSTRONG, Judge.
The defendant, Carlos Ginorio, was charged by bill of information with possession of more than 28 grams but less than 200 grams of cocaine, a violation of R.S. 40:967. The defendant waived his right to a trial by jury and elected to be tried by the judge. The trial judge found the defendant guilty as charged. He was sentenced to serve five years at hard labor without benefit of parole. On appeal the defendant raises two assignments of error.
The record reflects that on April 20, 1989, a confidential informant arranged for Officer Reginald Jacques to purchase one ounce of cocaine from Evelio Miranda. Officer Jacques, working undercover, met with Mr. Miranda at the intersection of South Alexander and D'Hemecourt Streets, where Officer Jacques handed Mr. Miranda $800. Mr. Miranda walked around the corner toward South Hennessey Street, returned several minutes later and handed Officer Jacques a clear plastic bag which was later tested and found to contain one ounce of cocaine. Several other police officers watched this transaction from nearby surveillance points.
The next day, another purchase was arranged, and Officer Jacques and Evelio Miranda met at the same intersection. Officer Jacques gave Mr. Miranda $1600 to purchase two ounces of cocaine. Mr. Miranda walked around the corner, and Detective John Brunet watched Mr. Miranda walk inside 539 South Hennessey Street where he stayed for several minutes. Mr. Miranda then returned to Officer Jacques and handed him a clear plastic bag which was later tested and found to contain two ounces of cocaine. According to the search warrant application, before departing, Mr. Miranda "offered to procure additional and larger quantities of cocaine upon demand, and suggested a lower price schedule with sufficiently larger quantities." Based on these events, a search warrant was sought and obtained on April 28, 1989, to search 539 South Hennessey Street.
After the search warrant was obtained, but before it was executed, a third purchase of cocaine from Mr. Miranda was arranged. Officer Jacques was to purchase eight ounces of cocaine for $6,000 on May 1, 1989. On that day, a co-defendant, Francisco Gomez, arrived at 539 South Hennessey Street. The defendant left that residence, entered the car in which Mr. Gomez was driving, and the men drove off. They returned several minutes later and Mr. Gomez exited the vehicle carrying a dark plastic wrapped object in his hand. Both men entered the house. Officer Jacques was at the intersection of South Hennessey and Alexander Streets, about twenty feet away from 539 South Hennessey Street, and was negotiating the purchase of the cocaine with Mr. Miranda. Mr. Miranda told Officer Jacques that the cocaine was inside 539 South Hennessey Street and that Officer Jacques should allow him to leave with the $6,000 to retrieve the cocaine from the residence. At this point, Officer Jacques gave a prearranged signal for the other officers in the area to execute the search warrant. Mr. Miranda was detained and searched as other detectives served the warrant and searched the residence. Inside the residence, the officers found a triple-beam balance scale on the kitchen table and found a black plastic object containing cocaine inside a towel, under a mop in a breezeway outside the kitchen door near the backyard of the residence. The residents, the defendant and his wife, were arrested and charged with possession of cocaine.
A review of the record for errors patent reveals that the trial court failed to impose a statutorily mandated fine. LSA-R.S. *793 40:967(F)(1)(a). However, this error patent is favorable to the defendant, and since it was not raised as an error by the state, it should be ignored by this court. No other errors patent were found.
By his first assignment, the defendant contends that the trial court erred by denying the Motion to Suppress Evidence. Specifically, the defendant argues that the delay between the last occurrence of criminal activity observed by the police and the date the search warrant was executed made it unreasonable to believe that contraband or evidence would be present at 539 South Hennessey Street when the search warrant was executed.
The passage of time may adversely affect the validity of a search warrant. Thus, included in the general concept of probable cause, is the necessary element of a reasonable belief that the contraband or evidence will not have been disposed of but will remain at the place to be searched at the time of the proposed search. State v. Lewis, 385 So.2d 226, 229 (La.1980); State v. Durand, 461 So.2d 1090 (La.App. 4th Cir.1984). However, the passage of a few days between observation of probable criminal activity and the execution of a search warrant will not necessarily invalidate the warrant. Staleness is not an issue unless time passage makes it doubtful that the object sought in the warrant will still be in a place where it was observed. State v. Tate, 407 So.2d 1133 (La.1981); State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir. 1988).
In State v. Durand, an informant purchased a large quantity of cocaine and was told that more would be available should he need additional quantities. A surveillance the same day revealed at least two and possibly three drug transactions. This court found that these facts indicate an on-going drug related activity in the premises to be searched and concluded "that a man of reasonable caution could have reasonably believed that drugs could have been found ten days after issuance of the warrant." The warrant in this case was obtained the same day as the officers observed the drug related activity.
In State v. Bruno, 427 So.2d 1174 (La. 1983), a confidential informant purchased narcotics from the defendant at the defendant's residence and was told by the defendant that more contraband would be available at a later date. Police officers observed suspicious activity consistent with drug distribution at this location, and a warrant was issued. The warrant was executed seven days later, but the Supreme Court found that these facts were sufficient to support a reasonable belief that controlled dangerous substances would be found on the premises to be searched one week after the warrant was issued.
In the present case, police officers observed drug transactions on April 20 and 21, 1989. Following the second transaction, the seller, Evelio Miranda, informed Officer Jacques that he could "procure additional and larger quantities of cocaine upon demand and suggested a lower price schedule with sufficiently larger quantities." (Search Warrant Affidavit) A search warrant was obtained seven days later on April 28th and executed on May 1, 1989. The officers saw the seller enter 539 South Hennessey Street where he apparently obtained the cocaine he sold to Officer Jacques. These facts indicate a reasonable probability that cocaine would be found in 539 Hennessey Street when the search warrant was executed on May 1, 1989.
Furthermore, LSA-C.Cr.P. art. 163 provides that a search warrant cannot be lawfully executed more than ten days after it is issued. Here, the search warrant was issued only three days before it was executed and was executed within ten days of when the officers observed the suspicious activity. Moreover, although not contained in the search warrant affidavit, a third purchase was arranged for May 1, and Mr. Miranda informed the officer that the cocaine was located in 539 South Hennessey Street. The facts contained in the search warrant application and the additional facts discovered after the search warrant was obtained justified execution of the search warrant on May 1, 1989. This assignment is without merit.
*794 By his second assignment of error, the defendant contends that the evidence introduced at trial was insufficient to prove every element of the crime beyond a reasonable doubt. Specifically, the defendant argues that the testimony of the criminologist did not prove beyond a reasonable doubt that the appellant possessed between 28 and 200 grams of cocaine.
In State v. Ballom, 562 So.2d 1073 (La. App. 4th Cir.1990), the criminologist testified at trial that he randomly tested the contents of four of the 1095 bags of cocaine seized from the defendant. Each of the four was found to contain .25 grams of pure cocaine; the combined weight being 260.2 grams. The criminologist also testified that this sampling procedure was the standard policy of the department. This court found that this random testing procedure was reasonable and reliable and, based on the testimony, a rational juror could have found the defendant to have been in possession of 260 grams of cocaine. This court also noted that the defendant could have employed an expert chemist to rebut the state's criminologist.
At trial in the present case, Criminologist Harry O'Neil testified that he took random samples of the contraband seized from the appellant's residence and found that it contained 64% cocaine. Officer O'Neil then weighed the substance and found that the total weight was 226 grams, for a total of 140 grams of cocaine (64% of 226 grams). Officer O'Neil testified that this was the standard procedure he used to determine the quantity of illegal substance when the illegal substance was mixed with a cutting powder.
During cross-examination, Officer O'Neil testified that it was possible that the percentage of cocaine could vary depending on the sample selected from within the bag, although it was his professional opinion that there was 140 grams of pure cocaine in the bag seized from the appellant's residence.
In determining whether the evidence presented at trial was sufficient, the reviewing court must decide whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). The testimony by Officer O'Neil proves beyond a reasonable doubt that the defendant possessed more than 28 but less than 200 grams of cocaine.
The defendant next argues that the evidence was insufficient to prove that he possessed the cocaine seized from 539 South Hennessey Street.
To support a conviction for possession of cocaine, the state must prove that the defendant possessed cocaine and that he knowingly possessed it. State v. Chambers, 563 So.2d 579 (La.App. 4th Cir. 1990). The state need not prove that the defendant was in actual physical possession of the drugs found; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983). However, the mere presence of the defendant in an area where drugs are found or the mere fact that the defendant knows the person in actual possession is insufficient to prove constructive possession. State v. Collins, 584 So.2d 356 (La.App. 4th Cir. 1991). However, a person not in physical possession of the drugs may have constructive possession when the drugs are under that person's dominion and control. State v. Jackson, 557 So.2d 1034 (La.App. 4th Cir.1990). Being a resident of premises where drugs are found is not, in and of itself, sufficient to prove constructive possession. State v. Collins, supra.
Several factors are considered in determining whether the defendant exercised dominion and control over the contraband so as to constitute constructive possession: 1) the defendant's knowledge that illegal drugs are in the area; 2) the defendant's access to the area where the drugs are found; and 3) the defendant's physical *795 proximity to the drugs. State v. Collins, 584 So.2d at 360.[1]
In the present case, the cocaine was found under a mop, immediately outside the kitchen door, near the backyard of the defendant's residence. Several minutes before the search warrant was executed, the defendant was seen arriving at his residence accompanied by Francisco Gomez, who was carrying a black plastic bag, the one found later by police to contain the cocaine. The police found the black plastic bag wrapped in a towel under a mop. Officer Jacques had arranged to purchase a large quantity of cocaine from Evelio Miranda approximately twenty feet from the appellant's residence. A scale, similar to those used in drug trafficking, was found on the kitchen table.
In State v. Walker, 514 So.2d 602 (La. App. 4th Cir.1987), officers found, under the rear of the defendant's house, under a support beam, a plastic bag containing cocaine. Inside the house, the officers found evidence indicating drug trafficking, i.e. plastic bags, plastic bag seals, two amber colored bottles containing a white substance often used to cut cocaine, a .38 caliber revolver, and a scale. This court found that the items seized from the house indicated that the defendant exercised dominion and control over the premises where the cocaine was found and, considering these facts in the light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that the appellant was in constructive possession of the cocaine.
Similarly, the evidence produced in the present case, viewed in the light most favorable to the prosecution, reveals that any rational trier of fact could have concluded beyond a reasonable doubt that the defendant was in constructive possession of the cocaine. Accordingly, this assignment is without merit.
For the foregoing reasons the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Note that several of the factors which are considered by the courtssuch as the defendant's relationship with the person found in actual possession, evidence of recent drug use by the appellant, and evidence that a particular area was frequented by drug usersalthough cited by prior decisions, are not relevant to the present case.