686 So.2d 1017 (1996)
STATE of Louisiana
v.
Ennis ALLEN and Roosevelt Allen.
No. 96-KA-0138.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1996.
*1018 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendants.
Harry F. Connick, District Attorney, Val M. Solino, Assistant District Attorney, New Orleans, for plaintiff.
Before BYRNES, ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
In this appeal, we consider whether the evidence presented at trial was sufficient to convict the appellants of possessing narcotics and whether their sentences are excessive. Finding that the evidence is sufficient to establish constructive possession of heroin and cocaine, and that the record does not show that their sentences are excessive, we affirm.
On September 22, 1994, Ennis Allen was charged by grand jury indictment with possession with intent to distribute cocaine and heroin in violation of La.R.S. 40:966, 967; Roosevelt Allen was charged with possession with intent to distribute cocaine and heroin in violation of La.R.S. 40:966, 967, and with possession of a handgun by a convicted felon in violation of La.R.S. 14:95.1. On September 27, 1994, they pleaded not guilty. After a bench trial on August 25, 1995, they were each convicted of simple possession of cocaine and heroin. Roosevelt Allen was found not guilty of the firearm charge.
On September 15, 1995, Roosevelt Allen was sentenced to serve five years at hard labor on each count. He was adjudicated a third offender and resentenced on count two to serve six years and eight months at hard labor without benefit of probation or suspension of sentence. The sentences were ordered to be served concurrently. Also on that day, Ennis Allen was sentenced to serve five years on each count. He was adjudicated a second offender and resentenced on count two to serve five years at hard labor without benefit of probation or suspension of sentence. The sentences were ordered to be served concurrently. Both filed motions for *1019 reconsideration of sentence, which were denied. Both appeal their convictions and sentences.
At trial, Detective Joseph Williams of the narcotics division of the New Orleans Police Department testified that on September 2, 1994, acting on information he had received regarding narcotics sales, he and his partner established a surveillance in the 3600 block of Desire Parkway. At approximately 9:45 a.m., he recognized Kenner Allen a/k/a Skinny Man, who arrived in a green Cadillac bearing license BZZ 769. Kenner Allen flagged down a burgundy compact four-door driven by a white male. While this vehicle was parking, Kenner Allen approached a male wearing a red shirt and black jeans to whom he gave a black waist pouch. That person went into the rear hallway of 3510 Desire Parkway and returned without the pouch. Kenner Allen was then joined by his two brothers, Ennis and Roosevelt Allen. They were joined by the white male driver of the burgundy vehicle. During the conversation, Ennis Allen ventured into the rear hallway of 3510 Desire Parkway and returned. Ennis Allen then exchanged a small object for a television that was removed from the trunk of the burgundy vehicle. Between 9:50 and 10:10 a.m., Detective Williams observed three other suspected narcotics sales in which a pedestrian would hand Kenner Allen what appeared to be money while Ennis Allen would enter the rear hallways of 3510 Desire Parkway, return, and hand the customer small objects.
At approximately 10:10 a.m., Kenner Allen opened the trunk of a gray Thunderbird, into which the television had been placed, and removed small objects which he handed to Roosevelt Kenner. Roosevelt Kenner then entered the rear hallway of 3510 Desire Parkway and returned. At approximately 10:20 a.m., a fourth brother, Larry Allen arrived and then departed with Kenner Allen. They returned at approximately 11:05 a.m. At approximately 1:16 a.m., Detective Williams observed what appeared to be another narcotics sale, in which Roosevelt Allen briefly entered 3510 Desire Parkway and then transferred a small object to the driver of a Dodge Aries K car while Kenner Allen accepted what appeared to be money from the driver. At approximately 11:20 a.m., Detective Williams observed another similar transaction involving Roosevelt and Kenner Allen and two occupants of a blue El Camino. Detective Williams observed several other suspected narcotics sales.
Based on his observations, Detective Williams concluded that the bulk of the narcotics was kept in the trunk of the gray Thunderbird and that a working portion was stored in the rear hallway of 3510 Desire Parkway, which was used as a staging area. Therefore, Detective Williams instructed other narcotics officers to make investigatory detentions. As a result of the investigation, a black waist pouch containing suspected narcotics and paraphernalia was recovered 3510 Desire Parkway. Kenner, Ennis, and Roosevelt Allen were arrested. After his arrest, Kenner Allen was observed to place a piece of tin foil under the seat of a police car. The foil contained what appeared to be heroin. The Thunderbird was searched incidental to the arrest. The search revealed what was suspected to be heroin, cocaine, marijuana, and syringes. The Thunderbird was registered to Kenner Allen. Detective Williams identified photographs of the crime scene, the evidence that was seized, and identified Ennis and Roosevelt Allen in court.
It was stipulated that if Officer Edgar Dunn were called as an expert in the analysis of narcotics, he would testify that the evidence seized tested positive for cocaine, heroin, and marijuana.
It was also stipulated that a handgun was recovered from the black pouch.
A review of the record for errors patent reveals none.
In their first assignment of error, appellants contend that the evidence is insufficient to support the convictions for simple possession of narcotics. In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. *1020 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Where the conviction is based upon circumstantial evidence, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438; State v. Langford, 483 So.2d 979 (La.1986). See also State v. Heck, 560 So.2d 611 (La. App. 4th Cir.1990), writ denied, 566 So.2d 395 (1990); State v. James, 581 So.2d 349 (La.App. 4th Cir.1991).
To support a conviction for possession of narcotics, the State must prove that a defendant knowingly possessed narcotics. State v. Chambers, 563 So.2d 579, 580 (La. App. 4th Cir.1990). The State need not prove that the defendant was in actual possession of the narcotics found; constructive possession is sufficient to support conviction. See State v. Trahan, 425 So.2d 1222, 1226 (La.1983); see also State v. Cann, 319 So.2d 396, 397 (La.1975). The mere presence of a defendant in the area where the narcotics were found is insufficient to prove constructive possession. See State v. Collins, 584 So.2d 356, 360 (La.App. 4th Cir.1991); see also Cann, supra at 397.
A person not in physical possession of narcotics may have constructive possession when the drugs are under that person's dominion and control. State v. Jackson, 557 So.2d 1034, 1035 (La.App. 4th Cir.1990). A person may be deemed to be in joint possession of a drug which is in the physical possession of a companion if he willfully and knowingly shares with the other the right to control it. State v. Smith, 257 La. 1109, 245 So.2d 327, 329 (1971). Determination of whether a defendant had constructive possession depends on the circumstances of each case. See Cann, supra at 399-400. Among the factors to consider in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession are whether the defendant knew that illegal drugs were present in the area, the defendant's relationship to the person in actual possession of the drugs, whether there is evidence of recent drug use, the defendant's proximity to the drugs, and any evidence that the area is frequented by drug users. See State v. Pollard, 93-1960, p. 13 (La.App. 4th Cir. 7/14/96), 640 So.2d 882, 888.
In what appeared to be narcotics sales, both Roosevelt and Ennis Allen were repeatedly seen to transport small objects from the rear hallway of 3510 Desire Parkway to persons who gave money to their brother Kenner. After watching Roosevelt and Ennis assist their brother in several of these apparent narcotics sales, the police seized the pouch that contained heroin from their staging area behind 3510 Desire Parkway. Thus, viewing the evidence in the light most favorable to the prosecution, a rational fact-finder could easily conclude beyond a reasonable doubt that the appellants had constructive possession of the heroin found in the pouch behind 3510 Desire Parkway. Cf. State v. Ginorio, 619 So.2d 790, 795 (La.App. 4th Cir.), writ denied, 625 So.2d 1039 (La. 1993).
Viewing the evidence in the light most favorable to the prosecution, a rational fact-finder could also conclude beyond a reasonable doubt that the evidence sufficed to establish that the Roosevelt and Ennis were in joint possession of the cocaine found in the trunk of Kenner's Thunderbird. Roosevelt and Ennis, as runners for their brother in narcotics sales, were clearly aware that narcotics were present. The cocaine was not only found in close proximity to them but additionally, in the course of this surveillance, the police watched Kenner open the trunk of his Thunderbird and transfer several small objects from the trunk to Roosevelt who transported them back to the staging area. The police then continued to observe suspected narcotics sales. After watching the appellants assisting their brother in several transactions, the police seized the cocaine from the trunk of the car and the heroin from the pouch. The pouch contained not only heroin, but also drug paraphernalia associated with the use of both heroin and cocaine. Under these circumstances, their joint dominion and control over the cocaine in the trunk is established. Cf. State v. Winters, 612 So.2d 259, 261 (La.App. 4th Cir. 1992). This assignment of error is without merit.
*1021 In their second assignment of error, the appellants contend that the trial judge erred in ordering that their sentences be served without parole. A review of the record, however, reveals that the trial judge did not order that the sentences be served without parole. Roosevelt Allen also contends that his sentence is excessive. The trial judge sentenced the him to the mandatory minimum sentence of the Habitual Offender Law and declined to invoke State v. Dorthey, 623 So.2d 1276 (La.1993). The record does not support the claim that the sentence is excessive. This assignment of error is without merit.
Accordingly, the appellants' convictions and sentences are affirmed.
AFFIRMED.