EDWIN A. LOMBARD, Judge.
hThe defendant, Alvin R. Green, appeals his conviction for possession of cocaine, a violation of La.Rev.Stat. 40:967. After review of the record in light of the arguments of the parties and applicable law, we affirm the defendant’s conviction and remand the matter back to the trial court for imposition of the mandatory fine.

Relevant Facts and Procedural History

On June 22, 2005, the New Orleans Police Department (NOPD) executed search warrants for two residences, 2123 Des-londe Street and 1028 Caffin Avenue. On January 11, 2006, as a result of evidence seized pursuant to the search, the defendant was charged with possession of more than 400 grams of cocaine. He failed to appear for his arraignment on May 19, 2006, and a capias was issued for his arrest. He finally appeared in court on September 4, 2009, and entered a plea of not *698 guilty. The trial court denied the defendant’s motions to suppress the evidence and statement on December 3, 2009. After a two-day trial, a jury found him guilty as charged on January 20, 2010. His motion for a new trial was denied on February 25, 2010, and he was sentenced to serve fifteen years at hard labor, to run concurrently with the sentence imposed in case number 487-734.

12Assignment of Error 1

In his first assignment of error, the defendant argues that the trial court erred in denying his motion to suppress because there was no probable cause to support the search warrant for 1028 Caffin Avenue.
In accordance with La.Code Crim. Proc. art. 162(A), a search warrant is issued “upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts that establish the cause for the issuance of the warrant.” Probable cause sufficient to issue a search warrant “exists when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched.” State v. Green, 2002-1022, p. 7 (La.12/4/02), 831 So.2d 962, 968 (citations omitted). The magistrate judge’s determination of probable cause, prior to issuance of a search warrant, is entitled to significant deference and therefore is reviewed under the totality of the circumstances standard to determine only if a substantial basis existed to support the finding of probable cause. Id. at 8, 831 So.2d at 969. There is a presumption that the warrant will be upheld and although the probable cause determination requires something more than bare suspicion, it does not require evidence sufficient to support a conviction and “as the name implies, deals only with probabilities.” Id. at 9, 831 So.2d at 969. Thus, the probable cause determination need not meet the demands of the reasonable doubt or preponderance standards but, rather, involves factual and practical considerations of everyday life “on which average men, and particularly average police officers, can be expected to act.” Id. at 9, 831 So.2d at 970 (citation omitted).
|sIn this case, the affidavit/application for the search warrant completed by Detective Evans includes the following information. On June 20, 2005, detective Evans met with a reliable confidential informant whose information in the past had led to the arrests of individuals involved in illegal narcotics trafficking. The informant told Detective Evans that a black .male named Alvin distributed crack cocaine from two residences, 1028 Caffin Street and 2123 Deslonde Street, on a twenty-four hour basis. Based on the informant’s personal observation within the previous twenty-four hours, customers approached Alvin at either location to purchase their desired amount of cocaine. After receiving this information, Detective Evans made a controlled buy with the informant. He drove the informant to the area of 1028 Caffin Avenue. The informant knocked on the door of the Caffin Avenue residence and Alvin answered the door. After a brief conversation, the informant handed the currency to Alvin who went back inside, returning moments later. After a brief conversation, the two men entered a brown vehicle and drove to 2123 Des-londe Street. Both men exited the vehicle. Alvin entered the residence alone, returning to hand the informant a clear plastic bag. Alvin then went back inside the residence and the informant returned to the undercover vehicle. Once inside, the informant gave Detective Evans a *699 clear plastic bag containing several pieces of what purported to be crack cocaine.
The search warrant affidavit concludes with Detective Evans’ statement that, based on the information received by the informant and corroborated by the controlled buy, it was his belief that crack cocaine and the proceeds from the sales thereof were being secreted within and distributed from both residences, 1028 Caffin Avenue and 2123 Deslonde Street.
|/Thus, Detective Evans’ observations confirmed the credibility of information given by the informant and the informant’s reliability. The defendant was at the Caf-fin Avenue residence when the informant knocked and took the informant’s money while still at the Caffin Avenue residence. The defendant and the informant then proceeded to the Deslonde Street residence where the defendant handed the informant a plastic bag containing several pieces of crack cocaine. Considering the totality of the circumstances set forth in the search warrant affidavit, there was a fair probability that evidence of a crime would be found inside either residence and, accordingly, we find no error in the trial court’s determination that probable cause existed to support issuance of a search warrant or in denying the defendant’s motion to suppress the evidence. This assignment of error is without merit.

Assignment of Error 2

In his second assignment of error, the defendant argues that the evidence is insufficient to support his conviction because it does not show that he had dominion or control over the cocaine seized at 1028 Caffin Avenue. We review for sufficiency of the evidence in accordance with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Brown,, 2003-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18. Thus, we must determine if “the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” Id. (citation omitted). In this case, to support a conviction for possession of a controlled dangerous substance in violation of La. Rev.Stat. 40:967, the evidence must show that the defendant knowingly and intentionally possessed the drug, but constructive possession is sufficient to support the conviction. Id. The following 1 factors are pertinent to the determination of whether a defendant exercised the requisite dominion and control: (1) the defendant’s knowledge that illegal drugs are in the area; (2) the defendant’s relationship with one found to be in actual possession; (3) the defendant’s access to the area where drugs were found; (4) the defendant’s physical proximity to the drugs; and (5) evidence that the area was frequented by drug users. Id. (citation omitted).
The following evidence was adduced at trial. The search warrants for the two residences, 2123 Deslonde Street and 1028 Caffin Avenue, were executed simultaneously on June 22, 2005. Detectives Evans and Vappie executed the warrant at the Deslonde Street residence and Sergeant Phillips and Detective Jackson executed the warrant at the Caffin Avenue residence. The defendant and his brother were at the Deslonde Street residence where the defendant lived. No narcotics were found in the residence. Accordingly, Detectives Evans and Vappie relocated to the Caffin Avenue residence, taking the defendant and his brother. At the Caffin Avenue residence, Detective Jackson found a small digital scale, a .22 Derringer handgun, and over $1000.00. A phone card and ID with defendant’s name were found inside the residence along with a picture of the defendant with a woman, who was later identified as Cynthia Winding. Ms. *700 Winding arrived.at the residence shortly afterwards.
The officers called a K-9 unit to the scene. No drugs were found inside the residence. The K-9 alerted the officers to something inside an unlocked shed that was located behind the residence. Inside a Crown Royal bag, the officers found a .380 handgun. Inside a black tool box, they found a plastic bag containing seven individual plastic bags each containing what appeared to be cocaine. After securing the contraband, Detective Evans approached the defendant (who was Rbeing detained) and informed him of what the officers had found. The defendant replied, “I’m going to take my charge.” He was subsequently arrested. No fingerprints were lifted.
Detective Evans took the seized contraband to the Central Evidence and Property Room located at police headquarters. He identified an unsigned copy of the receipt that was given to him by the property room on June 22, 2005, and the return on the search warrant, both of which listed the property seized. Lieutenant Montev-erde, the assistant commander of the property room, testified that the property room was located in the basement of police headquarters and flooded in the aftermath of Hurricane Katrina, destroying the evidence except for the cash and weapons.
Captain Harry O’Neal, an expert in the analysis of narcotics, testified that on June 28, 2005, he personally retrieved the evidence from the property room and performed the analysis on the narcotics seized from the Caffin Avenue residence. The evidence consisted of one clear Ziploc bag containing seven clear plastic bags that each contained a white substance and all seven bags tested positive for cocaine; the combined total weight of the cocaine was 429.6 grams. Captain O’Neal showed the jury a single plastic bag containing a sand-like matter in the amount of 400 grams as a demonstration of the amount of cocaine seized from the Caffin Avenue residence.
Ms. Winding testified that she lived at the Caffin Avenue residence, that she had known the defendant for a long time and that he came by weekly to say hello. She stated that at the time of the search, the two other apartments in her building were occupied and that her neighbors had frequent visitors. According to Ms. Winding, although her neighbors and their visitors sometimes went inside the shed, 17she never saw the defendant go inside the shed. Ms. Winding denied that the money found by police was given to her by the defendant, asserting that she had saved the money by working two jobs. She also denied knowing Detective Weathersby, a detective who stopped by the residence during the search to see what was happening. On rebuttal, however, Officer Evans testified that Ms. Winding told him that the money was given to her by the defendant and that Detective Weathersby was the pastor at Ms. Winding’s church.[1]
Thus, although the defendant testified, denying any knowledge of the drugs found at the Caffin Avenue residence or having made any statement to police, when viewed in the light most favorable to the prosecution the evidence shows that the defendant was frequently at his friend’s residence on Caffin Avenue where his identification card, phone card, and a picture of him with Ms. Winding were found along with evidence indicative of illicit drug trafficking, a small digital scale, a handgun, and more than $1000.00 in cash. *701 In addition, the evidence shows that the shed where the narcotics and another gun were found was unlocked at all times and, as there was no gate, easily accessible from the street. Although Ms. Winding indicated she never saw the defendant enter the shed, her testimony that she worked two jobs suggests that she was frequently absent from the residence and unable to monitor access to the shed.
Finally, there is the defendant’s confession that “I’m going to take my charge” after being informed by Detective Evans of the evidence found at 1028 Caffin Avenue. Though the defendant denied making the statement, the jury clearly found Officer Evan’s testimony more credible and the fact-finder’s credibility determination is entitled to great weight and will not be disturbed unless |8it is contrary to the evidence. State v. Johnson, 2009-0259 (La.App. 4 Cir. 9/16/09), 22 So.3d 205. Here, the jury’s determination is not contrary to the evidence.
Thus, viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found that the defendant knowingly exercised dominion and control over the narcotics found on Caffin Avenue and thát this assignment of error is without merit.

Assignment of Error 3

The defendant’s third assignment of error is two-fold. He asserts that it was error for the district court to permit the State to introduce demonstrative evidence [2] and that it was error for the district court to permit use of other crimes evidence.
First, the defendant argues that even though the chain of custody was not established or a proper foundation made, the district court allowed prejudicial demonstrative evidence to be shown to the jury as a substitute for the missing cocaine.[3] In considering whether demonstrative evidence is admissible over an objection that it is unduly inflammatory, the issue is whether the proffered evidence is relevant to any material issue in dispute, and if so, whether its probative value exceeds its probable prejudicial effect. State v. Manieri, 378 So.2d 931 (La.1979). Evidence is relevant if it has “any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” La. Code Evid. art. 401. To be admissible, demonstrative evidence must be identified and authenticated. RLa.Code Evid. art. 901. Thus, it must first be established that the object sought to be introduced is more probably than not connected with the case, but a lack of positive identification of demonstrative evidence or its chain of custody goes to the weight of the evidence, not to its admissibility, and the connection of the evidence to the case is a factual matter determined by the trier of fact. State v. Richardson, 96-2598, p. 4 (La.App. 4 Cir. 12/17/97), 703 So.2d 1371, 1373 (citations omitted).
*702 In this case, the State introduced demonstrative evidence in the form of a single plastic bag containing a sand-like matter that resembled powdered cocaine. The district court overruled the objection of defense counsel, finding that the evidence was probative. However, the demonstrative evidence did little to prove that defendant possessed the original cocaine found on Caffin Avenue and, thus, its admission was error. However, the error was harmless. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (for an error to be harmless, it must be shown beyond a reasonable doubt that the complained-of error did not contribute to the verdict). The demonstrative evidence did not contribute to the verdict and there was no attempt by the State to connect the evidence to the crime. The jury knew that the original cocaine had been destroyed and that the use of the demonstrative evidence was only to illustrate the amount of cocaine seized from Caffin Avenue. Further, Captain Harry O’Neal definitively established that the amount of cocaine seized from Caffin Avenue weighed more than four hundred grams and the defendant confessed to possessing the cocaine.
|inNext, the defendant argues that the district court erred by allowing the introduction of other crimes evidence that implied he distributed cocaine. He urges that evidence of the weapons and cash along with Detective Evans’ testimony regarding the “street value” of the seized cocaine, and his testimony as to the origin of the $1000.00 seized from Ms. Winding’s residence were improperly admitted as other crimes evidence.
Notably, no objection was lodged when the evidence of the weapons and cash was admitted. Counsel objected to the detective’s testimony regarding the “street value” of the cocaine on relevancy grounds and as to the origin of the $1000.00 seized from the Caffin Avenue residence on hearsay grounds. Accordingly, because counsel failed to object to the evidence and testimony as impermissible other crimes evidence, these claims have not been preserved for appellate review. La.Code Crim. Proc. art. 841.
The defendant also argues that the district court erred by denying his motion for mistrial after Detective Evans testified regarding a controlled purchase. The evidence at issue concerns Detective Evans’ rebuttal testimony as to what he told Detective Weathersby upon Weath-ersby’s arrival at the Caffin Avenue residence. Specifically, Detective Evans stated:
Chief Weathersby stated that Ms. Winding was in his congregation and asked what was going on. I advised the Chief-Captain at the time that I had made a controlled purchase. I had served him with a search warrant—
Defense counsel immediately objected and moved for a mistrial, arguing that it was inadmissible other crimes evidence. The State countered that no specific reference to the defendant committing another crime was made and the court agreed, noting that it stopped the testimony immediately. _[ult then denied the motion for mistrial and admonished the jury to disregard all testimony concerning the conversation between Detectives Evans and Weathersby.
When a remark or comment is made by a witness that directly or indirectly refers to another crime committed or alleged to have been committed by the defendant and the trial court is not satisfied that an admonition is sufficient to assure the defendant a fair trial, a mistrial *703 may be granted. La. Code Crim. Proc. art. 771; State v. Sartain, 98-0378, p. 10 (La.App. 4 Cir. 12/1/99), 746 So.2d 837, 845. A mistrial is a drastic remedy, however, and only authorized where substantial prejudice will otherwise result to the defendant. State v. Banks, 96-2227, p. 2 (La.4/18/97), 692 So.2d 1051, 1053. This determination (of whether prejudice has resulted) is within the sound discretion of the trial court. Id.; see also State v. Nicholson, 96-2110, p. 13 (La.App. 4 Cir. 11/26/97), 703 So.2d 173, 180 (trial court’s ruling on whether or not to grant a mistrial because of comments by a police officer referring to other crimes evidence should not be disturbed absent a clear abuse of discretion).
In this case, Officer Evans’ reference to a controlled purchase was an isolated event that did not directly implicate the defendant. Moreover, the jury was immediately admonished to disregard all testimony concerning the conversation between Detectives Evans and Weathersby. As such, the trial court did not abuse its discretion in the denying the motion for mistrial and this assignment of error is without merit.
11 fErrors Patent Review and Assignment of Error Number 4
A review of the record reveals two patent errors. First, the defendant was convicted of possession of more than 400 grams of cocaine, a violation of La.Rev. Stat. 40:967(F)(l)(c) which provides for a mandatory fine of not less than two hundred and fifty thousand dollars, nor more than six hundred thousand dollars. In sentencing the defendant, the district court failed to impose a fine as mandated and, in accordance with State v. Williams, 2003-0302 (La.App. 4 Cir. 10/6/03), 859 So.2d 751, must be remanded for imposition of the mandatory fine.
Second, there is no indication that the defendant waived the mandatory twenty-four delay between the denial of his motion for new trial and sentencing as provided by La. Code Crim. Proc. art. 873. However, the failure to observe the twenty-four-hour delay mandated by Article 873 is harmless where the defendant does not complain of his sentence on appeal. State v. Collins, 584 So.2d 356 (La.App. 4 Cir.1991). Although the defendant argues pro se that his sentence of fifteen years is excessive, because no motion to reconsider sentence was filed in district court and no objection was lodged when the sentence was imposed, the defendant is precluded from raising the claim of excessive sentence on appeal. State v. Tyler, 98-1667, p. 14 (LaApp. 4 Cir. 11/24/99), 749 So.2d 767, 775.
Moreover, the defendant received the minimum sentence he could receive as a first offender. The failure of the trial court to observe the mandatory twenty-four hour rule is harmless where the sentence imposed was mandatory in nature. State v. Seals, 95-0305, p. 17 (La.11/25/96), 684 So.2d 368, 380. In this case, because the defendant received the mandatory minimum under La.Rev.Stat. 40:967, the court’s failure to observe the statutory delay is harmless error.

Conclusion

| i;jThe defendant’s conviction and sentence are affirmed and the matter is remanded to the district court for imposition of the mandatory fine.
CONVICTION AFFIRMED; REMANDED.

. Detective Weathersby came to the scene because a concerned member of the church congregation called him.

. The defendant also argues for the first time on appeal that proving the existence of the cocaine through the use of an unsigned copy of an evidence card denied him his right to confront the evidence against him in violation of the Confrontation Clause of the Sixth Amendment. We do not consider issues raised for the first time on appeal and, in any event, the Confrontation Clause applies only to witnesses who bear testimony and is therefore inapplicable.

. Though appellate counsel extensively argues that the chain of custody was not established, the use of demonstrative evidence presumes a break in the chain of custody of the original cocaine, which was destroyed by Hurricane Katrina.