996 So.2d 65 (2008)
STATE of Louisiana
v.
Luther JACKSON.
No. 2008-KA-0429.
Court of Appeal of Louisiana, Fourth Circuit.
September 24, 2008.
*66 Keva Landrum-Johnson, District Attorney, Alyson Graugnard, Assistant District Attorney, Michael Lillis, Legal Intern  Loyola University Law School New Orleans, LA, for The State of Louisiana.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Luther Jackson.
(Court Composed of Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD, Judge PAUL A. BONIN).
PAUL A. BONIN, Judge.
The defendant, Luther Jackson, appeals his conviction for possession of cocaine and his sentence of thirty months at hard labor as a second felony offender, requesting only a review of the record for errors patent. Finding no errors, we affirm Jackson's conviction and sentence.
On April 9, 2007, the State charged Jackson with one count of simple possession of cocaine, a charge to which he pled not guilty. The court heard and denied his motion to suppress the evidence. Following a trial, a six-person jury found him guilty as charged. He filed motions for new trial and post-verdict judgment of acquittal. The court denied these motions and sentenced Jackson to serve thirty months at hard labor. The court also denied Jackson's motion to reconsider sentence but granted his motion for appeal. On that date, the State filed a bill of information charging Jackson as a second felony offender, to which Jackson filed a motion to quash the bill. The court reset the matter several times, and on March 6, 2008, Jackson pled guilty to the multiple bill and waived all delays. The court then vacated the original sentence and sentenced Jackson as a second offender to serve thirty months at hard labor.
At trial, Detectives Leonard Davis and Tommy Felix testified that they were conducting a surveillance of the 2100 block of Iberville Street on the evening of March 13, 2007. They both testified that they watched Jackson meet with an unknown man in the middle of the block. The men conversed, and then they saw Jackson hand the man what appeared to be paper currency. They both testified that the man gave Jackson an object that he put in his mouth. Jackson then walked from the scene, while the man entered a residence in the area. The officers followed Jackson and stopped him at the corner of N. Miro and Iberville Streets. Det. Davis advised Jackson that he was under investigation for narcotics activity and advised him of his Miranda rights. Det. Davis then asked Jackson if he had cocaine and heroin in his mouth. Jackson responded by removing the object from his mouth, which appeared to be two rocks of crack cocaine wrapped in plastic. The officers field tested the rocks, which tested positive for cocaine. Both officers explained that they did not pursue the seller because they were unsure into which residence he had entered.
By his sole assignment of error, Luther Jackson requests a review of the record for patent errors. We find one such potential error. Our review shows that the trial court originally sentenced Jackson immediately after denying his motion for new trial, in the absence of any waiver of the mandatory twenty-four-hour *67 delay as set forth in La.C.Cr.P. art. 873. However, as per State v. Collins, 584 So.2d 356 (La.App. 4 Cir.1991), the failure to observe the twenty-four-hour delay mandated by La.C.Cr.P. art. 873 is harmless where the defendant does not complain of his sentence on appeal. See also State v. Riley, XXXX-XXXX (La.App. 4 Cir. 9/20/06), 941 So.2d 618; State v. Wheeler, XXXX-XXXX (La.App. 4 Cir. 3/9/05), 899 So.2d 84. Here, the appellant is not challenging his sentence on appeal. Moreover, the court subsequently vacated the original sentence after Jackson pled guilty to the multiple bill, and Jackson specifically waived all delays before the court imposed the multiple bill sentence. There are no other patent errors.
Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241. Counsel's detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because she believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling that arguably supports the appeal. A copy of the brief was forwarded to Jackson, and this Court informed him that he had the right to file a brief in his own behalf. He has not done so. Thus, this Court's review is limited to errors on the face of the record. La.C.Cr.P. art. 920.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Jackson was properly charged by bill of information with a violation of La. R.S. 40:967, and the bill was signed by an assistant district attorney. Jackson was present and represented by counsel at arraignment, during trial, and at sentencing. The jury's verdict and Jackson's sentence are legal in all respects. Furthermore, a review of the trial transcript shows that the State provided sufficient evidence to prove beyond a reasonable doubt that Jackson was guilty of simple possession of cocaine.
Our independent review reveals no non-frivolous issue and no trial court ruling that arguably supports the appeal.
Accordingly, we affirm Luther Jackson's conviction and sentence, and we grant appellate counsel's motion to withdraw.
AFFIRMED; MOTION TO WITHDRAW GRANTED.